**LaMonica Herbst & Maniscalco, LLP**

*Moving Forward. Staying Ahead.®*

**Holly R. Holecek, Esq.**
Partner
c. 516-729-1157
hrh@lhmlawfirm.com

May 25, 2023

**BY ELECTRONIC MAIL**
Matthew M. Cabrera, Esq.
M. Cabrera & Associates, P.C.
2002 Route 17M, Suite 12
Goshen, New York 10924
Email: mcabecf@mcablaw.com

> *In re Alexander Bernard Kaspar*
> **Chapter 7**
> **Case No.: 22-10382-mg**

Dear Mr. Cabrera:

      I write on behalf of Marianne T. O'Toole, the Chapter 7 Trustee ("Trustee") of the estate of Alexander Bernard Kaspar ("Debtor") regarding the Trustee's outstanding demands for the turnover of property of the estate, and documents and information relating to the Debtor's financial affairs.

      By letter dated March 17, 2023, I requested, inter alia, that copies of the following be turned over to the Trustee by March 24, 2023:

i. Proof of insurance for any and all assets leased or owned directly or indirectly by the Debtor including, but not limited to, the real properties scheduled by the Debtor as: (i) land parcel in Putnam Valley, New York 72-1-50 – 110 acres; and (ii) land parcel in Putnam Valley, New York 72-1-47 – 25 acres (collectively, "Real Properties").

ii. Copies of any and all open insurance claims submitted by or on behalf of the Debtor pertaining to any and all of the Debtor's assets including, but not limited to, the Real Properties.

iii. Formational and organizational documents for the entity listed on the Schedule Amended Schedule A/B as Valley View Management Company ("Valley View").

iv. Please provide copies of all minutes of any Board of Directors meetings of Valley View held from January 1, 2018 to the present.

v. Copies of all minutes of any shareholders meetings of Valley View held from January 1, 2018 to the present.

vi. Copies of all financial statements including, but not limited to, balance sheets, profit and loss statements, trial balances, bank reconciliations, check registers and general ledgers prepared or issued by or on behalf of Valley View from 2018 to the present.

**LAMONICA HERBST & MANISCALCO, LLP**

May 25, 2023
Page 2

      vii.    Copies of all documents relating to any distributions or payments of any kind to shareholders of Valley View from January 1, 2018 to the present.

At the section 341(a) meeting of creditors conducted by the Trustee on April 13, 2023 ("341 Meeting"), the Trustee demanded turnover of the $400,000 from the proceeds of sale of the real property located at Sprout Brook Road, Putnam Valley, New York 10579 identified as Tax Map Nos. 72.19-1-29 & 83-1-1, which $400,000 the Debtor was required to maintain in escrow pursuant to the annexed Order entered on December 8, 2021.

During the 341 Meeting, the Trustee made the following additional demands relating to the Debtor's assets and financial affairs:

      i.    Proof that the Debtor's real property located at 245 E 72nd Street, Apt. PHA, New York, New York 10021 is currently insured.

      ii.    Copies of all documents relating to the insurance claim submitted in connection with the fire at Cimmaron Ranch on or about April 22, 2022 including, but not limited to, the claim, the denial, and any and all correspondence or other communications with the carrier or any other party relating to the claim.

      iii.    Copy of the Debtor's living will.

To date, the Debtor has failed to turn over the foregoing $400,000, which is property of the estate, and the documents and information relating to the Debtor's financial affairs. Please make arrangements to have such $400,000 documents and information turned over to the Trustee as soon as possible but no later than **5:00 p.m. on May 31, 2023**. Absent the Debtor's compliance, the Trustee will be constrained to seek Court intervention.

The Trustee reserves all rights.

                                                  Sincerely,

                                                  Holly R. Holecek

Encl.
cc:    Alexander Bernard Kaspar
        Marianne T. O'Toole, as Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
In re:

Alexander Bernard Kaspar,

Debtor.
----------------------------------------------------------x

Chapter 11

Case No.: 18-36862-cgm

**ORDER APPROVING THE PRIVATE SALE
OF DEBTOR'S RIGHT, TITLE AND INTEREST IN
REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO
11 U.S.C. §363 AND GRANTING OTHER RELATED RELIEF**

Upon the motion (the "Motion") of Alexander Bernard Kaspar ("Debtor" & "Debtor in Possession") for an order (1) pursuant to 11 U.S.C. § 363(b), § 363(f) and § 363(h) and authorizing and approving the sale of the Debtor's rights, title and interests in the real property located at Sprout Brook Road, Putnam Valley, NY 10579 identified as Tax Map Nos. 72.19-1-29 & 83-1-1 (the "Property"), pursuant to the Purchase and Sale Agreement by and between the Debtor and Grace De Libero as sellers and Hudson Highlands Land Trust, Inc. ("HHLT") as purchaser, a copy of which is attached as Exhibit B to the Motion (the "Purchase Agreement") free and clear of all Liens, Claims and Interests (as defined herein) with any and all Liens, Claims and Interests to attach to the proceeds of the sale and (2) approving and authorizing the Debtor's payment from the sale proceeds of any expenses associated with the sale, including legal fees and broker's commissions at the time of closing; and there being due and sufficient notice of the Motion provided to all parties; and there being no objections to the requested relief; and after due deliberation, the Court having found and concluded that the proposed sale is in the best interests of the Debtor, his estate and creditors and is supported by good business reasons; and the Court also having found and concluded that one or more of the grounds for the sale being

free and clear of Liens, Claims and Interests under 11 U.S.C. § 363(b), § 363(f) and § 363(h) having been satisfied, and the proposed buyer under the Contract is a purchaser in good faith; and good and sufficient cause appearing; it is hereby

ORDERED, that the Motion is granted to the extent set forth herein; and it is

FURTHER ORDERED, that the findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law (and vice versa), they are each adopted as such. The Court's findings shall also include any oral findings of fact and conclusions of law made by this Court during or at the conclusion of the hearing on the Motion. This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof; and it is

FURTHER ORDERED, that notice of the hearing on the Motion was fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, and no further notice is required; and it is

FURTHER ORDERED, that the Debtor is authorized under 11 U.S.C. § 363(b), § 363(f) and § 363(h) to sell the Property free and clear of all Liens, Claims and Interests pursuant to the terms of the Purchase Agreement, with all Liens, Claims and Interests to attach to the sale proceeds in the same amount and priority, with the same validity and enforceability, and subject to the same defenses as existed immediately before the closing of the sale except as otherwise provided herein; and it is

FURTHER ORDERED, that the Purchase Agreement, including the transaction contemplated thereby, and all of the terms and conditions thereof, are hereby authorized and

2

approved in their entirety. The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Purchase Agreement, and the Debtor's entry therein, be authorized and approved in its entirety; and it is

FURTHER ORDERED, that pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Debtor is authorized to execute, deliver, and perform his obligations under and comply with the terms of the Purchase Agreement and to consummate the sale transaction contemplated therein, including, without limitation, by taking any and all actions as may be necessary or desirable to implement the sale transaction pursuant to and in accordance with the terms and conditions of the Purchase Agreement and this Order; and it is

FURTHER ORDERED, that the Debtor is authorized to execute and deliver, and authorized to perform under, consummate, and implement all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and to take all further actions as may be (i) reasonably requested by HHLT for the purpose of assigning, transferring, granting, conveying, and conferring to HHLT, or reducing to possession, the Property, or (ii) necessary or appropriate to the performance of the Debtor's obligations contemplated by the Purchase Agreement, all without further order of the Court; and it is

FURTHER ORDERED, that each and every federal, state, local, or foreign government or governmental or regulatory authority, agency, board, bureau, commission, court, department, or other governmental entity is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement; and it is

FURTHER ORDERED, that as of the closing of the sale in accordance with the Purchase

3

Agreement, the transfer of the Property to HHLT will be a legal, valid, and effective transfer of the Property, and will vest HHLT with all right, title, and interest of the Debtor in and to the Property, free and clear of all Liens, Claims and Interests; and it is

FURTHER ORDERED, that at or as promptly as practical after the closing of the sale, the Debtor is authorized and directed to pay from the sale proceeds any property tax liens or other ancillary costs on the Property due as of the date and time of closing; and it is

FURTHER ORDERED, that at or as promptly as practical after the closing of the sale, the Debtor is authorized and directed to pay from the sale proceeds the reasonable, and ordinary and customary closing costs, including reasonable and customary professional fees directly related to the sale, transfer taxes, delinquent or owing real property taxes on the Property, other fees or costs to be paid by Debtor pursuant to the Purchase Agreement and reasonable title charges; and it is

FURTHER ORDERED, that at or as promptly as practical after the closing of the sale, the Debtor shall set aside with his attorney, to be held in his attorney's escrow account, four hundred thousand dollars ($400,000.00), the estimated amount of remediation costs as estimated by Environmental Consulting and Management Services. These funds are being escrowed for payment of the future remediation costs of parcel 72-1-47. Once approval is obtained from the New York State Department of Environmental Conservation to begin remediation, these funds will be disbursed to the Debtor's DIP account in draws; and it is

FURTHER ORDERED, that closing of the foregoing sale under the Purchase Agreement shall occur on or before 45 days after the entry of this Order, subject to satisfaction of the conditions set forth in the Purchase Agreement, including but not limited to, the contingencies and the conditions precedent to closing set forth in paragraphs 12 and 16 the preprinted portion

4

of the Purchase Agreement and paragraph 12 of the Rider to the Purchase Agreement, respectively; and it is

FURTHER ORDERED, that, within ten days after the closing of the proposed sale, counsel for the Debtor shall file a closing statement with the Court and serve a copy on the Office of the United States Trustee; and it is

FURTHER ORDERED, that the consideration to be paid by HHLT under the Purchase Agreement was negotiated at arm's-length, in good faith and without collusion pursuant to section 363(m) of the Bankruptcy Code and constitutes reasonably equivalent value and fair and adequate consideration for the Property. HHLT is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code, and as such, is entitled to all the protections afforded thereby; and it is

FURTHER ORDERED, that neither the Debtor nor HHLT has engaged in any conduct that would cause or permit the Purchase Agreement to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code; and it is

FURTHER ORDERED, that the sale of the Property to the HHLT (or its designee) under the terms of the Purchase Agreement meets the applicable provisions of section 363(f) of the Bankruptcy Code in full such that the sale of the Property shall be free and clear of any and all interest of any kind or nature whatsoever in the Property of any entity other than the Debtor's estate (collectively, "Interests"), including, without limitation: (a) all liens and encumbrances relating to, accruing, or arising at any time prior to the closing date (collectively, the "Liens"); and (b) all debts arising under, relating to, or in connection with any act of the Debtor or any claims (as defined in Bankruptcy Code section 101(5)), liabilities (including successor or successor-in-interest liability), obligations, demands, guarantees, options in favor of third

5

parties, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of the Chapter 11 case, and whether imposed by agreement, understanding, law, equity, or otherwise (collectively, the "Claims"). For the avoidance of doubt, the terms "Liens" and "Claims," as used herein, include, without limitation, (a) rights with respect to any Liens and Claims that purport to give any party a right of setoff or recoupment against, or right or option to affect any forfeiture, modification, profit-sharing interest, right of first refusal, purchase or repurchase option, termination of, any of the Debtor's or HHLT's interest in the Property, or any similar rights and (b) in respect of taxes, restrictions, rights of first refusal, charges of interest of any kind and nature, if any, and including, without limitation, any restrictions of use, voting, transfer, receipt of income, or other exercise of any of the attributes of ownership relating to, accruing, or arising at any time prior to the closing, with the exception of any permitted encumbrances or assumed liabilities that are expressly assumed by HHLT pursuant to the Purchase Agreement. The sale of the Property will not subject HHLT to any liability for any Liens, Claims, and Interests whatsoever (including, without limitation, under any theory of equitable law, antitrust, or successor or transferee liability),except as expressly provided in the Purchase Agreement; and it is

FURTHER ORDERED, that all holders of Liens, Claims, and Interests who did not object, or withdrew their objections to the Sale, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code, and all holders of Liens, Claims, and Interests are adequately protected—thus satisfying section 363(e) of the Bankruptcy Code—by having their Liens, Claims, and Interests, if any, attach to the proceeds of the Sale ultimately attributable to the Property against or in which they assert Liens, Claims, and Interests, or other

specifically dedicated funds, in the same order of priority and with the same validity, force, and effect that such holder had prior to the Sale, subject to any rights, claims, and defenses of the Debtor or its estates, as applicable. Those holders of Liens, Claims or Interests who did object and that have an interest in the Property fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code; and it is

FURTHER ORDERED, that a sale free of the interests of the co-owner will result in a larger amount for the Estate than a sale of divided interests, that partition among the Estate and the co-owners is impracticable, the benefit to the Estate outweighs the detriment to the co-owner, the property is not used in any way related to electric energy, natural or synthetic gas – thus satisfying section 363(h) of the Bankruptcy Code; and it is

FURTHER ORDERED, that except as otherwise provided in the Purchase Agreement, effective upon the closing, all persons and entities (and their respective successors and assigns), including, but not limited to, all debt security holders, equity security holders, affiliates, governmental, tax, and regulatory authorities, lenders, vendors, trade creditors, litigation claimants, and other creditors are hereby forever barred, estopped, and permanently enjoined from asserting, commencing, or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against HHLT, its affiliates, successors, assigns or designees, or their respective assets and property (including, without limitation, the Property), any (a) Claim arising under or out of, in connection with, or in any way relating to, the Debtor, this Chapter 11 case, the Property, the operation or ownership of the Property by the Debtor prior to the closing, or the sale transaction contemplated by the Purchase Agreement, (b) successor or transferee liability including, without limitation, the following actions with respect to clauses (a) and (b): (i) commencing or continuing any action or

7

other proceeding pending or threatened; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien, Claim, or Interest; (iv) asserting any setoff, right of subrogation, or recoupment of any kind; (v) commencing or continuing any action, in any manner or place, that does not comply with, or is inconsistent with, the provisions of this Sale Order or other orders of this Court, or the agreements or actions contemplated or taken in respect hereof; or (vi) revoking, terminating, failing, or refusing to renew any license, permit, or authorization to operate any business on the Property or conduct any of the businesses operated with respect to such assets; and it is

FURTHER ORDERED, that following the closing, no holder of any Lien, Claim or Interest shall interfere with HHLT's (or its designee's) title to or use and enjoyment of the Property based on or related to any such Lien, Claim or Interest or based on any action the Debtor may take in his Chapter 11 case; and it is

FURTHER ORDERED, that HHLT shall not be deemed, as a result of any action taken in connection with the Purchase Agreement, the consummation of the Sale contemplated by the Purchase Agreement, or the transfer, operation, or use of the Property to (a) be a legal successor, or otherwise be deemed a successor to the Debtor (other than with respect to any Assumed Liabilities arising as part of the closing), (b) have, de facto or otherwise, merged with or into the Debtor, or (c) be an alter ego or a mere continuation or substantial continuation of the Debtor or the enterprise of the Debtor including, without limitation, within the meaning of any foreign, federal, state, or local revenue law, tax law, products liability law, environmental law, or other law, rule, or regulation (including, without limitation, filing requirements under any such laws, rules or regulations), or under any doctrine with respect to the Debtor's liability

under such law, rule or regulation; and it is

FURTHER ORDERED, that the terms and provisions of this Sale Order and any actions taken pursuant hereto shall survive entry of an order which may be entered: (a) confirming any chapter 11 plan in this Chapter 11 case; (b) conversion of this Chapter 11 case to a case under chapter 7 of the Bankruptcy Code; (c) dismissing this Chapter 11 case; or (d) pursuant to which this Court abstains from hearing in this Chapter 11 case. The terms and provisions of this Sale Order, notwithstanding the entry of any such orders described in (a)-(d) above, shall continue in this Chapter 11 case, or following dismissal of this Chapter 11 case, it is

FURTHER ORDERED, that the Purchase Agreement may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not, based on the Debtor's business judgment, and in consultation with HHLT (or its designee), have a material adverse effect on the Debtors' estate or his creditors. The Debtor may make any such modification, amendment, or supplement of the Purchase Agreement solely with the prior written consent of HHLT. For the avoidance of doubt, all other modifications, amendments, or supplements that have a material adverse effect on the Debtor's estate or their creditors shall require Court approval, it is

FURTHER ORDERED, that HHLT shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Purchase Agreement or any other sale-related document. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Order.

FURTHER ORDERED, that to the extent there is any conflict between the terms of this

Sale Order and the Purchase Agreement, the terms of this Sale Order shall control. Nothing contained in any chapter 11 plan hereinafter confirmed in this Chapter 11 case or any order confirming such chapter 11 plan, or any other order of the Court, shall conflict with or derogate from the provisions of the Purchase Agreement or any other Transaction Document or the terms of this Sale Order, it is

FURTHER ORDERED, that the 14-day stay of this Order under Fed. R. Bankr. P. 6004(h) is waived, for cause, and this Order is effective immediately upon its entry, it is

FURTHER ORDERED, that the Court shall retain exclusive jurisdiction with respect to the terms and provisions of this Sale Order and the Purchase Agreement.



**Dated: December 8, 2021**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**