| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------x<br>In re:<br>ALEXANDER BERNARD KASPAR,<br>Debtor.<br>-------------------------------------------------------------x<br>MARIANNE T. O'TOOLE, solely in her capacity as Chapter 7 Trustee of the Estate of Alexander Bernard Kaspar,<br>Plaintiff,<br>-against-<br>M. CABRERA & ASSOCIATES, P.C., MATTHEW M. CABRERA, ESQ., ALEXANDER BERNARD KASPAR, CITYGRACE CORP. a/k/a CITIGRACE CORP, GRACE A. DELIBERO, a/k/a GRACE ANGELA DELIBERO, JOHN DOE "1" THROUGH "100", JANE DOE "1" THROUGH "100", JOHN DOE CORPORATIONS "1" THROUGH "100" AND OTHER JOHN DOE ENTITIES "1" THROUGH "100"<br>Defendants.<br>-------------------------------------------------------------x | Chapter 7<br>Case No.: 22-10382-mg<br><br><br><br>Adv. Pro. No.: 23-01154-mg |

## NOTICE OF DEFENDANT ALEXANDER BERNARD KASPAR'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT

**PLEASE TAKE NOTICE**, that upon the annexed Memorandum of Law, Affidavit of the Debtor, and the Affirmation of Charles A. Higgs; the Debtor, by and through its attorney, Charles A. Higgs, Esq. of The Law Office of Charles A. Higgs, will move via Zoom before the Honorable Martin Glenn, United States Bankruptcy Judge, on the **28th day** of **September 2023 at 11:00 A.M.** (the "**Hearing**"), or as soon after as counsel may be heard, via videoconference to be conducted via Zoom.

**PLEASE TAKE FURTHER NOTICE** that Zoom for Government will be used and the requirement to make an eCourtAppearance[1] for the hearing by 4 PM the business day before the hearing.

---
[1] https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Motion must be: (i) electronically filed with the Bankruptcy Court; (ii) delivered to Chambers of the Honorable Judge Martin Glen (iii) served upon: (1) the Defendant; (2) the Defendant's counsel, The Law Office of Charles A. Higgs, 2 Depot Plaza, First Floor, Office 4, Bedford Hills, NY 10507, Attn: Charles A. Higgs, Esq., and so as to be received no later than the seven (7) days before the hearing date.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted via Zoom. **All attorneys and unrepresented parties are required to register online for the hearing in advance of the scheduled hearing by using the Court's eCourt Appearances platform:**

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl

Date: August 30, 2023
      Bedford Hills, NY

Respectfully submitted,

By:   */s/ Charles Higgs*
      Charles Higgs, Esq.
      The Law Office of Charles A. Higgs
      2 Depot Plaza, Office 4
      Bedford Hill, NY 10507
      917-673-3768
      Charles@freshstartesq.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                                                              Chapter 7

ALEXANDER BERNARD KASPAR,                                      Case No.: 22-10382-mg

      Debtor.
-----------------------------------------------------------------X
MARIANNE T. O'TOOLE, solely in her capacity
as Chapter 7 Trustee of the Estate of Alexander
Bernard Kaspar,                                                                        Adv. Pro. No.: 23-01154-mg

      Plaintiff,

-against-

M. CABRERA & ASSOCIATES, P.C., MATTHEW
M. CABRERA, ESQ., ALEXANDER BERNARD
KASPAR, CITYGRACE CORP. a/k/a CITIGRACE
CORP, GRACE A. DELIBERO, a/k/a GRACE
ANGELA DELIBERO, JOHN DOE "1"
THROUGH "100", JANE DOE "1" THROUGH
"100", JOHN DOE CORPORATIONS "1"
THROUGH "100" AND OTHER JOHN DOE
ENTITIES "1" THROUGH "100"

      Defendants.
-----------------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF MOTION TO DISMISS

    Charles A. Higgs, Esq affirms as follows under penalty of perjury:

1. I am an attorney duly admitted to practice law in the State of New York and in the Southern District of New York. I am the attorney for Defendant, Alexander Bernard Kaspar ("Defendant" or "Movant") in the above captioned adversary proceeding.

2. I make this Affirmation in Support of Defendant's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012.

3. Plaintiff's Complaint is based on the disbursement of escrow funds that occurred between the Debtor's First Bankruptcy and the Debtor's Second Bankruptcy.

4. Plaintiff asserts two causes of action against Defendant: Second cause of action for turnover of property of the estate pursuant to Section 542(a) of the Bankruptcy Code and Plaintiff's Fifth cause of action for Aiding and Abetting Breach of Fiduciary Duty of Escrow Agent.

5. As set forth in the annexed Memorandum of Law Plaintiff fails to state a claim upon which relief can be granted and Plaintiff's Complaint must therefore be dismissed for failure to state a claim upon which relief can be granted.

Dated: August 30, 2023
      Bedford Hills, NY

/S/ Charles A. Higgs
Law Office of Charles A. Higgs
Attorneys for Defendant
2 Depot Plaza, Ste. 4
Bedford Hills, NY 10507
(917) 673-3768
Charles@FreshStartEsq.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                    Chapter 7

ALEXANDER BERNARD KASPAR,                              Case No.: 22-10382-mg

        Debtor.
-------------------------------------------------------------x
MARIANNE T. O'TOOLE, solely in her capacity
as Chapter 7 Trustee of the Estate of Alexander
Bernard Kaspar,                                                   Adv. Pro. No.: 23-01154-mg

        Plaintiff,

-against-

M. CABRERA & ASSOCIATES, P.C., MATTHEW
M. CABRERA, ESQ., ALEXANDER BERNARD
KASPAR, CITYGRACE CORP. a/k/a CITIGRACE
CORP, GRACE A. DELIBERO, a/k/a GRACE
ANGELA DELIBERO, JOHN DOE "1"
THROUGH "100", JANE DOE "1" THROUGH
"100", JOHN DOE CORPORATIONS "1"
THROUGH "100" AND OTHER JOHN DOE
ENTITIES "1" THROUGH "100"

        Defendants.
-------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALEXANDAR BERNARD KASPAR'S MOTION TO DISMISS ADVERSARY COMPLAINT

### PRELIMINARY STATEMENT

    Alexander Bernard Kaspar ("Defendant" or "Movant") by and through his attorney Charles A. Higgs of the Law Office of Charles A. Higgs submits this Memorandum of Law in support of Defendant's Motion to Dismiss the Adversary Complaint (the "Complaint") pursuant to Fed. R. Civ. P. Rule 12(b)(6) and Fed. R. Bankr. P. 7012 for failure to state a claim upon which relief can be granted. Of the claims asserted in the Complaint, only the Second cause of action for turnover

of property of the estate pursuant to Section 542(a) of the Bankruptcy Code and Plaintiff's Fifth cause of action for Aiding and Abetting Breach of Fiduciary Duty of Escrow Agent are asserted against Defendant. Both of the causes of action asserted against the Defendant arise from the transfer of escrow funds from after dismissal of Defendant's first bankruptcy and prior to the commencement of Defendant's Second Bankruptcy.

As will be shown herein, the escrow funds are not property of the bankruptcy estate and therefore cannot be the subject of a turnover proceeding under Section 542(a). Even if the escrow funds could be subject to a turnover proceeding, Defendant was not, and is not, in possession of the escrow funds and as a result Plaintiff's complaint fails to state a cause of action for turnover pursuant to Section 542(a) and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012 for failure to state a claim upon which relief can be granted. Accordingly, Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R Bankr. P. 7012.

**Debtor's Prior Chapter 11 Bankruptcy Case**

On November 4, 2018, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On July 9, 2019, the Honorable Judge Cecelia Morris approved the retention of Defendant Firm as counsel to Debtor effective as November 4, 2018, the filing date of Debtor's voluntary Chapter 11 petition. By and through Debtor's counsel, M. Cabrera & Associates ("Defendant Firm"), on November 8, 2021, Debtor filed a motion to sell property located at Sprout Brook Road, Putnam Valley, New York 10579 (the "Property") identified as Tax Map Nos. 72.19-1-29 and 83-1-1 (the "Property"). On December 18, 2021, the Honorable Judge Cecelia Morris signed an Order (the "Sale Order") approving the sale of the Property. The Sale Order included the following provision:

> FURTHER ORDERED, that at or as promptly as practical after the closing of the sale, the Debtor shall set aside with his attorney, to be held in his attorney's escrow account, four hundred thousand dollars ($400,000.00), the estimated amount of remediation costs as estimated by Environmental Consulting and Management Services. These funds are being escrowed for payment of the future remediation costs of parcel 72-1-47.

The sale of the Property closed and in or around December 28, 2021, in accordance with the terms of the Sale Order, $400,0000 (the "Escrow Funds") from proceeds from the Sale of the Property were transferred by the title company to the escrow account at Defendant Firm. The $400,000 funds remained in the Defendant Firm's escrow account under the control of Defendant Firm. Thereafter, by Order signed February 3, 2022, Defendant's first bankruptcy case was dismissed. After the dismissal of Defendant's first bankruptcy and prior to commencement of Defendant's Second Bankruptcy, the escrow funds were disbursed. In paragraph 64 of the Complaint, Plaintiff alleges that $276,100 of the escrow funds were transferred to CityGrace Corp. In paragraph 68 of the Complaint, Plaintiff alleges that $124,500 of the escrow funds were transferred to the Cabrera Firm. Thus, based on the allegations in the Complaint a combined total of $400,600 was transferred to CityGrace Corp. and the Cabrera Firm.

**Second Chapter 11 Bankruptcy**

On March 28, 2022, a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code was filed in this Court by Defendant. On May 19, 2022, Matthew M. Cabrera and M. Cabrera & Associates, PC was approved by the Court as counsel for the Debtor. Creditor Town of Putnam Valley ("Town") moved to dismiss Debtor's Chapter 11 case by way of motion dated January 24, 2023.

On February 16, 2023, the Court issued an Order to Show Cause as to why Debtor's case should not be converted to a case under Chapter 7 of the Bankruptcy Code or, in the alternative, why a

Chapter 11 Trustee should not be appointed ("OSC"). By an Order dated March 9, 2023, the Court converted Debtor's Chapter 11 Bankruptcy case to a Chapter 7 of the Bankruptcy Code as of March 9, 2023. On March 10, 2023, Marianne O'Toole (hereinafter "Plaintiff") was appointed as the Chapter 7 Trustee of the Debtor's estate. On July 28, 2023, Plaintiff filed an Adversary Complaint against Movant and several other Defendants. Each of the causes of action in the Complaint arise from the transfer of the Escrow Funds that occurred prior to the commencement of this case. On August 22, 2023, Debtor filed a stipulation of substation of counsel substituting M. Cabrera and Associates with the Law Office of Charles A. Higgs as counsel for Debtor. Defendant now moves to dismiss each of the causes of action asserted against him pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012.

## LEGAL STANDARD

Movant submits that Plaintiff's Complaint must be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012. A complaint must be dismissed pursuant to Rule 12(b)(6)1 for failure to state a claim if it does not contain "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555. Further, a complaint must contain more than unsupported legal conclusions. See Id. at 555. While all material factual allegations are accepted as true, the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555 "In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2nd Cir. 2010). For the reasons detailed below, Plaintiff's Complaint should be dismissed in its entirety.

**PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

    **I.    PLAINTIFF'S SECOND CAUSE OF ACTION FOR TURNOVER OF PROPERTY OF THE ESTATE AND DEMAND FOR PAYMENT MUST BE DISMISSED**

Plaintiff's second cause of action is for turnover of property of the estate pursuant to Section 542(a) of the Bankruptcy Code, as the party seeking turnover, the Plaintiff has the burden of proof. The Trustee's Turnover Claim fails for several reasons: First, the funds that the Trustee seeks turnover of, are escrow funds, and therefore did not constitute property of the Debtor and do not constitute property of the bankruptcy estate. *See* 5 COLLIER ON BANKRUPTCY ¶ 541.09[2] (16th ed. 2023). As the escrow funds do not constitute property of the bankruptcy estate, they cannot be subject to an action for turnover of property of the estate under Section 542(a) of the Bankruptcy Code. Second, regardless of whether the escrow funds would constitute property of the bankruptcy estate, Plaintiff fails to allege in her complaint that the escrow funds were transferred to, or are in possession of, Movant. In fact, the allegations in the Complaint and the documents attached as Exhibits to the Complaint make it quite clear that the escrow funds were disbursed to CityGrace Corp. and the Cabrera Firm and not the Debtor. In paragraph 64 of the Complaint, Plaintiff alleges that $276,100 of the escrow funds were transferred to CityGrace Corp. In paragraph 68 of the Complaint, Plaintiff alleges that $124,500 of the escrow funds were transferred to the Cabrera Firm. Thus, based on the allegations in the Complaint a combined total of $400,600 was transferred to CityGrace Corp. and the Cabrera Firm from the court-ordered escrow funds of $400,000. The Complaint lacks any allegation that any of the escrow funds were disbursed to Movant or that Movant is somehow in possession of the escrow funds. For the reasons

set forth above and for the reasons more fully set forth herein; the allegations in the complaint, even if accepted as true for purposes of the 12(b)(6) Motion, fail to demonstrate that Defendant is in possession of property of the estate subject to turnover under Section 542(a) of the Bankruptcy Code. Accordingly, Plaintiff Turnover Cause of Action fails to state a claim upon which relief can be granted and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012.

Section 542(a) of the Bankruptcy Code provides in relevant part:

**(a)** Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a)

### THE ESCROW FUNDS DO NOT CONSTITUTE PROPERTY OF THE BANKRUPTCY ESTATE

"[M]ost courts have held that assets in escrow are not property of the estate. Estate property is confined to the rights conferred upon the debtor by the escrow agreement, not property rights in the assets escrowed." 5 COLLIER ON BANKRUPTCY ¶ 541.09[2] (16th ed. 2023). The basis for this determination is that "in order for an escrow to be valid, the transfer must be irrevocable. Although the grantor retains a contingent right to repossess the property if the specified condition does not occur, the property must be beyond the possession and control of the grantor while it is in the hands of the escrow agent." *Musso v. N.Y. State Higher Educ. Servs. Corp. (In re Royal Bus. Sch., Inc.),* 157 B.R. 932, 940 (Bankr. E.D.N.Y. 1993) Furthermore, the "Agreement has the same effect in bankruptcy as it did out of bankruptcy in that upon filing its petition, the Debtor continued to hold only a contingent interest in the Key Account [the escrow account]" *Musso v. N.Y. State Higher Educ. Servs. Corp. (In re Royal Bus. Sch., Inc.),* 157 B.R. at 940. As such, "the Trustee has

no immediate possessory interest in the Key Account [the escrowed funds] within the meaning of the concept of property of the estate so as to entitle him [or her] to an order directing the turnover of any portion of the funds." *Musso v. N.Y. State Higher Educ. Servs. Corp. (In re Royal Bus. Sch., Inc.),* 157 B.R. 932, 940-42 (Bankr. E.D.N.Y. 1993)

In Debtor's Previous Bankruptcy Case, the Hon. Cecelia Morris entered an Order dated December 18, 2022, approving the Debtor's sale of certain real property pursuant to Section 363 of the Bankruptcy Code (the "Sale Order"). The Sale Order provided in part that "the Debtor shall set aside with his attorney, to be held in his attorney's escrow account, four hundred thousand dollars ($400,000.00), the estimated amount of remediation costs as estimated by Environmental Consulting and Management Services. These funds are being escrowed for payment of the future remediation costs of parcel 72-1-47…." Pursuant to the terms of the Sale Order, $400,000 from the sale of the Property was to be held in escrow in the attorney escrow account of Debtor's prior counsel, Matthew Cabrera.

Plaintiff also acknowledges multiple times in the Adversary Complaint that the funds upon which the Trustee's causes of action are based arise from transfers of escrow funds *See,* (Complt ¶65; 69; 80; 103; 104; 105; 106; 108; 109; 110; 120; 121; 122). In her Complaint, Plaintiff acknowledges that upon the sale of the Property, the $400,000.00 to be escrowed was sent directly from SMPR Title Agency, Inc. to Defendant Firm's escrow account. *See* Plaintiff's Complaint, stating that "The bank statement for account ending 397 in the name of "M Cabrera and Associates PC Esc Acct, Matthew M Cabrera Esc Agt" for the period December 1, 2021 to December 31 2021…reflects an incoming wire transfer on December 28, 2021 from SMPR Tilt Agency, Inc. in the amount of $400,000.00." (Complt ¶56). "Upon information and belief, the foregoing wire

transfer represents the $400,000 the Debtor was required to set aside with Defendant Firm pursuant to the Sale Order ("Court Ordered Escrow"). (Complt ¶57).

"Under New York law, an escrow agreement is "an agreement pursuant to which funds are delivered to a third-party depositary, the grantor relinquishes control over the funds, and the funds are to be delivered to a third party conditioned upon the performance of some act or the occurrence of some event." *Alarmex Holdings, LLC v. Gowan (In re Dreier LLP),* 527 B.R. 126, 132 (S.D.N.Y. 2014). Each of the above requirements for an escrow agreement is met here: (i) the Sale Order directed that $400,000 from the sale of the property be held in the Cabrera Firm's escrow account for the purpose of covering future remediation costs; (ii) pursuant to the Sale Order $400,000 from the proceeds of the sale of the Property were deposited into the bank account of a third party, in this case the bank account ending in 397 at TD Bank in the name of "M Cabrera and Associates PC Esc Acct, Matthew M Cabrera Esc Agt"; (iii) the grantor, in this case the Debtor, relinquished control over the escrow funds; and (iv) the funds were to be delivered to a third party conditioned upon the performance of some act or occurrence of some event, in this case future remediation of the Property.

"[M]ost courts have held that assets in escrow are not property of the estate, even though the debtor may have certain rights under the escrow agreement and, therefore in the assets escrowed." *Alarmex Holdings, LLC v. Gowan (In re Dreier LLP),* 527 B.R. 126, 134 (S.D.N.Y. 2014); *see also In the Matter of O.P.M. Leasing Servs., Inc.,* 46 B.R. 661, 667 (Bankr. S.D.N.Y. 1985) ("C]ourts of bankruptcy recognize that money held in escrow is not property which vests in the trustee in bankruptcy."); *In re Atlantic Gulf Communities Corp.,* 369 B.R. 156, 164 (Bankr. D. Del. 2007) (determining that under New York law, funds placed in escrow to guarantee that water and sewer facilities were completed were not property of the bankruptcy estate); *In re Coco*, 67

B.R. 365, 369 (Bankr. S.D.N.Y. 1986) ("Upon deposit the debtor reserves only a contingent right to those escrowed funds; a subsequent judgment or subsequent release of the monies does not deprive the estate of anything of value."); *Musso v. N.Y. State Higher Educ. Servs. Corp. (In re Royal Bus. Sch., Inc.),* 157 B.R. 932, 940-42 (Bankr. E.D.N.Y. 1993) ("most courts considering the issue under New York law have held that escrow accounts are not property which would vest in the trustee in bankruptcy.")

Here, the allegations in Plaintiff's Complaint make clear that Plaintiff's cause of action for turnover under 542(a) seeks turnover of funds that Plaintiff alleges were made from the Court-Ordered escrow funds. As the Debtor had no right to the escrow funds, or to the use of the escrowed funds, the escrow funds do not constitute property of the bankruptcy estate, and therefore cannot be the basis for a cause of action for turnover under Section 542(a) of the Bankruptcy Code. Additionally, "it is settled law that the debtor cannot use the turnover provisions to liquidate contract disputes or otherwise demand assets whose title is in dispute." *U.S. v. Inslaw, Inc.*, 932 F. 2d 1467, 1472 (D.C. Cir. 1991). In any event, as further set forth below, the allegations in the Complaint make clear that the escrow funds were not disbursed to the Debtor or that the escrow funds are in the possession of the Debtor, accordingly, there is nothing for the Debtor to turnover. For the reasons set forth above, the allegations in the complaint, even if accepted as true for purposes of the 12(b)(6) Motion, fail to demonstrate that Defendant is in possession of property of the estate subject to turnover under Section 542(a) of the Bankruptcy Code. Accordingly, Plaintiff Turnover Cause of Action fails to state a claim upon which relief can be granted and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012.

IT IS CLEAR FROM THE ALLEGATIONS IN THE COMPLAINT AND FROM THE EXHIBITS ATTACHED TO THE COMPLAINT THAT THE FUNDS WERE NOT AND ARE NOT IN THE DEBTOR'S POSSESSION AND AS A RESULT THERE ARE NO GROUNDS FOR TURNOVER

The language of Section 542(a) is clear in that it "require[s] actual or constructive possession by a defendant as a fundamental predicate to a trustee's turnover rights." *Feaster v. Surf Club of Quogues, Inc. (In re Feaster),* 2014 Bankr. LEXIS 5122 * 6 (Bankr. S.D.N.Y. Dec. 23, 2014) *quoting In re De Berry,* 59 B.R. 891, 895 (E.D.N.Y. 1986). The Complaint alleges that the Escrow Funds were disbursed to Defendant Firm, Defendant CityGrace, and to Defendant DiLibero. Plaintiff does not allege that Defendant Kaspar received any transfers from the Court-Ordered escrow. More speficially, the Complaint alleges: "The bank statement for account ending in 397 at TD Bank in the name of M Cabrera and Associates PC Esc Acct, Matthew M Cabrera Esc Agt for the period February 1, 2022 to February 28, 2022, a copy of is annexed as **Exhibit C**, reflects an outgoing wire transfer on February 7, 2022 to "Citigrace Corp" in the amount of $276,100.00 (Complt ¶64). "The CirtyGrace transfer was made from funds compromising the Court-Ordered Escrow." (Complt. ¶65). The bank statement for account ending 397 at TD Bank in the name of "M Cabrera and Associates PC Esc Acct, Matthew M Cabrera Esc Agt" for the period February 1, 2022 to February 28, 2022, a copy of which is annexed as **Exhibit C,** reflects two transfers to Defendant Firm totaling $124,500.00 (together "Firm Transfers") as follows: (a) the sum of $120,000 by check number 132 dated February 7, 2022 payable to Defendant Firm, with "Kaspar" in the Memo; and (b) the sum of $4,500 by check number 133 dated February 7, 2022 payable to Defendant Firm, with "DiLibero" in the Memo." (Complt. ¶68). "The Firm Transfers were made from funds compromising the Court-Ordered Escrow." (Complt. ¶69) Nowhere in Plaintiff's Compliant does it allege that transfers were made from the Court-Ordered Escrow to Defendant

Kasper. Likewise, the Complaint does not set forth any allegations to support a claim that Defendant is currently in possession of any of the escrow funds. As "possession, custody, or control" of estate assets is necessary for a cause of action for Turnover under Section 542(a), Plaintiff's complaint fails to state a claim for turnover and must be dismissed.

As the allegations in Plaintiff's Complaint fail to sufficiently allege that Defendant is in possession of property of the bankruptcy estate; the second cause of action asserted in Plaintiff's Complaint must be dismissed in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

    II.    **PLAINTIFF'S FIFTH CAUSE OF ACTION SHOULD BE DISMISSED FOR FAILURE MEET THE ELEMENTS OF THE CLAIM FOR AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY OF ESCROW AGENT**

**PLAINTIFF CANNOT MEET THE ELEMENTS REQUIRED FOR THE CLAIM OF AIDING AND ABETTING A BREACH OF FIDUCAIRY DUTY OF AN ESCROW AGENT**

"A claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach." (*See, e.g., Kolbeck v. LIT America, Inc*, 939 F Supp at 244, *citing S & K Sales co v. Nike, Inc*, 816 F2d 843, 847-48 [2d Cir 1987]).

**ELEMENT 1: A BREACH BY A FIDUCIARY OF OBLIGATIONS TO ANOTHER:**

It is well-settled in New York that a fiduciary relationship arises between two persons when one of them is under a duty to act for, or to give advice for the benefit of another, upon matters within the scope of the relation, *Roni v. Arfa*, 18 N.Y.3d 846 (2011). Defendant Kaspar did not owe a fiduciary duty to any party with respect to the Escrow Funds. The escrow funds were held

in escrow by Defendant Firm and Defendant Firm had access and control to the funds and were the party that owed a fiduciary duty. Thus Plaintiff has failed to allege the first element.

### ELEMENT 2: THAT DEFENDANT KNOWINGLY INDUCED OR PARTICIPATED IN THE BREACH

Plaintiff alleges that "Defendant Debtor knowingly induced or participated in the breach of fiduciary duty and substantially assisted the breach of fiduciary duty by causing or authorizing the Firm Transfers. ("Complt. ¶ 167). However, Plaintiff failed to meet second element, "[a]lthough a plaintiff is not required to allege that the aider and abettor had an intent to harm, there must be an allegation that such defendant had actual knowledge of the breach of duty." *Kaufman,* 307 A.D.2d at 125, 760 N.Y.S.2d at 169. And "[a] person knowingly participates in a breach of fiduciary duty only when he or she provides `substantial assistance' to the primary violator." *Id.* at 126, 760 N.Y.S.2d at 170. Although a Plaintiff is not required to allege that the aider and abettor had intent to harm, there must be an allegation that such defendant had actual knowledge of the breach of duty. See *Kaufman v. Cohen*, 307 A.D.2d 113, at 125 760 N.Y.S.2d 157 (N.Y. App. Div. 2003) citing ( *King v. George Schonberg Co.,* 233 A.D.2d 242, 243; *National Westminster Bank USA v. Weksel,* 124 A.D. 2d 144, 148-149, lv denied 70 N.Y.2d 604; see also *S.K. Sales Co. v. Nike, Inc.,* 816 F.2d at 849; Sharp Int'l Corp v. State Street Bank Trust Co., 281 B.R. at 516). Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur (see *Kolbeck v. LIT America, Inc*. 939 F. Supp at 248). However, the mere inaction of an alleged aider and abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff. *Id.* citing *Sharp Int'l Corp v. State Street Bank Trust Co.,* 281 B.R. at 516.

In her Complaint, Plaintiff acknowledges that the escrowed funds were held in an account ending in 397 at TD Bank in the name of M Cabrera and Associates PC Esc Acct, Matthew M

Cabrera Esc Agt. (Complt ¶56). Since the funds were held in an attorney escrow account managed by Defendant's prior attorney, Matthew Cabrera, Defendant had no knowledge of any activity that occurred related to the escrow account. The funds are being held for remediation work that was to be conducted on the parcel 72-1-47.  The only individual who was able to authorize or cause transfers from the escrow account was Defendant Cabrera and any transfers from this account should have been for remediation costs pursuant to the Sale Order. Since Defendant Kaspar had no knowledge or control of the activity related the escrow account, he could not have participated in any alleged breach related to the escrowed funds.

Further, Defendant Kaspar never instructed or induced Mr. Cabrera to release any funds from the escrow account.  Prior to the current case being converted from a Chatper 11 to a Chapter 7 and prior to this Adversary Complaint, Defendant Kaspar filed an Opposition to the Town's Motion to Dismiss Debtor's Chapter 11 Case.  In the Kaspar Affidavit, Defendant Kaspar deposed that Grace DeLibero, co-owner of the Property and a Defendant in this case, demanded that her share of the proceeds of the Property sale be transferred to her.  *See* Kaspar Affidavit, "I did not instruct her to request my attorney turnover her share of the proceeds from the sale of the parcels after the dismissal of my first bankruptcy filing – she did this of her own accord. (Kaspar Affidavit ¶34 Docket No. 83)

Plaintiff has not met the second element required for an aiding and abetting of Defendant Cabrera's breach of fiduciary duty and therefore the Complaint should be dismissed.

**ELEMENT 3: THAT PLAINTIFF SUFFERED DAMAGE AS A RESULT OF THE BREACH:**

The third and final element required to claim an requires that Plaintiff suffered damage as a result of the breach. "The claimant must prove ... that the plaintiff suffered damages as a result of the breach." *See S&K Sales*, 816 F.2d at 847-48. The plaintiff must allege that the aiding and abetting defendant proximately caused the harm on which the primary liability is predicated. "But-for" causation is insufficient; aider and abettor liability requires the injury to be a direct or reasonably foreseeable result of the conduct. *See Pension of Univ. of Montreal v. Banc of America* 466 F.Supp.2s 163 (2006). Here, Defendant did not proximately cause any harm to Plainitff and Plaintiff did not suffer any injury related to the alleged aiding and abetting and therefore, Plaintiff's fifth causes of action fails and Plaintiff's Complaint must be dismissed.

As the allegations in Plaintiff's Complaint fail to sufficiently allege that Defendant aided and abetted a breach of fiduciary duty of an escrow agent, the fifth cause of action asserted in Plaintiff's Complaint must be dismissed in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## CONCLUSION

**WHEREFORE**, the Defendant respectfully requests that the Court grant the Motion and dismiss Plaintiff's Complaint with prejudice.

Dated: August 30, 2023
    Bedford Hills, NY

/S/ Charles A. Higgs
Charles A. Higgs, Esq.
Law Office of Charles A. Higgs
Attorneys for the Defendant
2 Depot Plaza, Ste. 4
Bedford Hills, NY 10507
(917) 673-3768
Charles@FreshStartEsq.com