UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:                                                                            Chapter 7

ALEXANDER BERNARD KASPAR,                                  Case No.: 22-10382-mg

           Debtor.

------------------------------------------------------------------x

MARIANNE T. O'TOOLE, solely in her capacity
as Chapter 7 Trustee of the Estate of Alexander
Bernard Kaspar,                                                          Adv. Pro. No.: 23-01154-mg

           Plaintiff,

-against-

M. CABRERA & ASSOCIATES, P.C., MATTHEW
M. CABRERA, ESQ., ALEXANDER BERNARD
KASPAR, CITYGRACE CORP. a/k/a CITIGRACE
CORP, GRACE A. DELIBERO, a/k/a GRACE
ANGELA DELIBERO, JOHN DOE "1"
THROUGH "100", JANE DOE "1" THROUGH
"100", JOHN DOE CORPORATIONS "1"
THROUGH "100" AND OTHER JOHN DOE
ENTITIES "1" THROUGH "100"

           Defendants.

------------------------------------------------------------------x

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF DEFENDANT ALEXANDER BERNARD KAPER TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT

---

### LaMONICA HERBST & MANISCALCO, LLP
*Counsel to Plaintiff Marianne T. O'Toole, as Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ........................................................................................1

BACKGROUND ........................................................................................................4

ARGUMENT ..........................................................................................................11

     I.     Defendant Debtor Has Not Satisfied His Burden For
          Dismissal Of The Fifth Claim For Relief In The Trustee's
          Complaint..........................................................................................11

     II.    The Trustee's Fifth Claim For Relief As Against Defendant
          Debtor Should Not Be Dismissed.................................................13

     III.   Alternatively, The Trustee Should Be Granted Leave To
          Amend..............................................................................................18

CONCLUSION.......................................................................................................19

## TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Pages**

Anderson News, L.L.C. v. Am. Media, Inc.,
680 F.3d 162 (2d Cir. 2012)..................................................................................................12

Ashcroft v. Iqbal,
556 U.S. 662 (2009)...........................................................................................................12

Balta v. Ayco Co., LP,
626 F.Supp. 2d 347 (W.D.N.Y. 2009) ..................................................................................18

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007)....................................................................................................11, 12

Baker v. Cuomo,
58 F.3d 814 (2d Cir. 1995)..................................................................................................13

Barr v. Charterhouse Grp. Int'l, Inc. (In re Everfresh Bevs., Inc.),
238 B.R. 558 (Bankr. S.D.N.Y. 1999) ...................................................................................13

Cortec Indus., Inc. v. Sum Holding L.P.,
949 F. 2d 42 (2d Cir. 1991)..................................................................................................19

Erickson v. Pardus,
551 U.S. 89 (2007)...............................................................................................................11

Glob. Network Commc'ns, Inc. v. City of N.Y.,
458 F.3d 150 (2d Cir. 2006)..................................................................................................11

Halebian v. Berv,
644 F.3d 122 (2d Cir. 2011)..................................................................................................11

Hertz Corp. v. City of N.Y.,
1 F.3d 121 (2d Cir. 1993)......................................................................................................13

Hous. Pipeline Co. LP v. Enron Corp. (In re Enron Corp.),
367 B.R. 373 (Bankr. S.D.N.Y. 2007)...................................................................................18

Kaufman v. Cohen,
307 A.D.2d 113 (N.Y. App. Div. 2003) .............................................................................15, 17

Koppel v. 4987 Corp.,
167 F.3d 125 (2d Cir. 1999)..................................................................................................12

Littlejohn v. City of N.Y.,
795 F. 3d 297 (2d Cir. 2015).......................................................................................11

Liu v. Credit Suisse First Bos. Corp. (In re Initial Pub. Offering Sec. Litig.),
383 F. Supp. 2d 566 (S.D.N.Y. 2005).........................................................................11

Maxwell Commun. Corp. Pub. Ltd. Co. by Homan v. Society Generale (In re
Maxwell Commun. Corp. Pub. Ltd. Co.), 93 F. 3d (2d Cir. 1996)........................................13

Mid-Island Hosp., Inc. v. Empire Blue Cross & Blue Shield (In re Mid-Island Hosp.,
Inc.), 276 F. 3d 123 (2d Cir. 2002) ........................................................................14

Nat'l Union Fire Ins. Co. Pitt. v. Proskauer Rose Goetz & Mendelsohn,
165 Misc. 2d 539 (Supp. N.Y. Sup. Ct. 1994) .........................................................14

New Orleans Emps. Ret. Sys. v. Celestica, Inc.,
455 Fed. Appx. 10 (2d Cir. 2011) .........................................................................12

New York v. Green,
420 F.3d 99 (2d Cir. 2005)........................................................................................19

Oliver Sch. v. Foley,
930 F.2d 248 (2d Cir. 1991)......................................................................................13

Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC,
446 F. Supp. 2d 163 (S.D.N.Y. 2006).......................................................................17

Pillars v. GM L.L.C. (In re Motors Liquidation Co.),
957 F.3d 357 (2d Cir. 2020)......................................................................................13

Ray Legal Consulting Group v. Dijoseph,
37 F. Supp. 3d 704 (S.D.N.Y. 2014)........................................................................14

Reed Constr. Data Inc. v. McGraw-Hill Cos., Inc.,
745 F. Supp. 2d 343 (S.D.N.Y. 2010).......................................................................12

Roni v. Arfa,
18 N.Y. 3d 846 (2011) ..............................................................................................16

S & K Sales Co. v. Nike, Inc.,
816 F.2d 843 (2d Cir. 1987)...................................................................................3, 14

St. Jean v. Orient-Express Hotels, Inc.,
2013 WL 4049982 (S.D.N.Y. Aug. 5, 2013) ...........................................................12

ii

Tahirou v. New Horizon Enters., LLC,
2023 U.S. Dist. LECIS 49256 (S.D.N.Y. Mar. 23, 2023) ....................................................13

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
551 U.S. 308 (2007)................................................................................................11, 13

## **Statutes & Rules**                                                                                      **Pages**

FED. R. BANKR. P. 7012 ........................................................................................1, 11

FED. R. BANKR. P. 7041 ..............................................................................................1

FED. R. CIV. P. 12........................................................................................................1, 11

FED. R. CIV. P. 15..........................................................................................................19

FED. R. CIV. P. 41..........................................................................................................1

Plaintiff Marianne T. O'Toole, solely in her capacity as Chapter 7 Trustee ("Trustee" or "Plaintiff") of the Estate of Alexander Bernard Kaspar ("Debtor"), submits this memorandum of law in opposition to the motion ("Motion") of Defendant Debtor seeking entry of an order dismissing the Fifth Claim for Relief as against Defendant Debtor in the Trustee's complaint ("Complaint")[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules") and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and respectfully sets forth as follows:

## PRELIMINARY STATEMENT

By the instant pleading Motion, Defendant Debtor invites the Court to accept his self-serving rendition of the facts, which is inconsistent his prior pleadings, is contrary to his prior counsel's admissions, and runs afoul of the Court's Orders in his current and prior bankruptcy cases. The Court should reject this invitation. Not only is this impermissible at the pleading stage, it risks inconsistent results among the various claims and defendants in this adversary proceeding.

This Court already determined that Defendant Debtor and his prior counsel violated the express terms of an Order of the Court (J. Morris) entered in Defendant Debtor's prior Chapter 11 case. See Bankr. Case No.: 22-10382-mg, ECF No. 94. By the Complaint, the Trustee seeks to redress the knowing, willful and unlawful violation of that Order, including by Defendant Debtor, which resulted in the dissipation of $400,000 of escrowed funds. Defendant Debtor largely does not challenge the detailed factual allegations in the Complaint. Defendant Debtor nevertheless attempts to insulate himself from the actions that were taken in knowing violation of that Order within 4 days from the dismissal of his prior case in Poughkeepsie and 49 days prior to the

---

[1] By notice dated October 10, 2023, the Trustee dismissed the Second Claim for Relief in the Complaint dated July 28, 2023 solely as against Defendant Kaspar pursuant to Rule 41 (a)(1)(A)(i) of the Federal Rules of Civil Procedure. See ECF No. 19.

1

commencement of his current case in Manhattan. Specifically, the Motion alleges that "Defendant
[Debtor] had no knowledge of any activity that occurred related to the escrow account" and that
"he could not have participated in any alleged breach related to the escrowed funds" such that the
Trustee's aiding and abetting a breach of fiduciary duty claim against Defendant Debtor also
should be dismissed. ECF No. 8 at 17.

Debtor's current position is belied by, inter alia, his own sworn statements in his current
bankruptcy case and admissions contained in pleadings filed in his current bankruptcy case. In an
affidavit of Defendant Debtor submitted to this Court on February 9, 2023, Defendant Debtor
swore under penalty of perjury that "Ms. DiLibero received a check for two hundred and seventy-
six thousand dollars from the escrow account. The remainder of the money was paid to my attorney
to satisfy his approved attorneys fees after my attorney agreed to discount his fees. Both of these
items – Ms. DeLibero's request for her funds ***and my payment of my attorney from escrow*** – are
items that the Town has known about for over six months." Bankr. Case No.: 22-10382-mg, ECF
No. 83-4 at 8, ¶¶ 38, 39 (emphasis added). Another pleading that was filed with the Court on March
2, 2023 on Defendant Debtor's behalf provides that:

> ***Subsequent conversations were had between the [Defendant] Debtor, ECMS,
> [Defendant M. Cabrera & Associates, P.C.] and [Defendant Grace A. DiLibero]***
> regarding the steps now needed to begin the remediation process. ***It was decided that*** due
> in part to the need for immediate funds to attempt to comply with the new requirements
> introduced by the Town and that [Defendant] Debtor was closing the DIP account, ***that the
> funds from [Defendant M. Cabrera & Associates, P.C.'s] escrow account would be
> turned over to [Defendant] Debtor and [Defendant Grace A. DiLibero] in separate
> disbursements to accounts upon their direction.***
>
> ***After further conversations with [Defendant] Debtor . . . [Defendant] Debtor and
> [Defendant M. Cabrera & Associates, P.C.] agreed*** to pay the firm $4500.00 to pursue
> legal representation to dismiss those violations thereby removing from the Town's
> unsubstantiated hurdles and quickly clearing a path to beginning the remediation process.
> ***[Defendant] Debtor and [Defendant M. Cabrera & Associates, P.C] decided*** that instead
> of issuing a wire payment to the Debtor's DIP account, incurring a fee for such and then
> the Debtor writing a check from the DIP account back to the firm, thereby delaying its
> closing, ***that [Defendant M. Cabrera & Associates, P.C] should take the payment from***

2

_**the escrow account directly as a convenience and a way to avoid additional fees and time.**_

Bankr. Case No.: 22-10382-mg, ECF No. 90 at ¶¶ 18, 19 (emphasis added).

Defendant Debtor's argument in the Motion is inconsistent and irreconcilable with Defendant Debtor's affidavit and other pleadings previously filed in this Court on Defendant Debtor's behalf. To prevail on a claim for inducing or participating in a breach of fiduciary duty under New York law, a plaintiff must prove "(1) a breach by a fiduciary of obligations to another, (2) that the Defendant knowingly induced or participated in the breach, and (3) that the plaintiff suffered damages as a result of the breach." S & K Sales Co. v. Nike, Inc., 816 F.2d 843, 847-848 (2d Cir. 1987). Here, the Complaint pleads more than sufficient facts to state a plausible claim against Defendant Debtor for aiding and abetting of a breach of fiduciary duty of an escrow agent.

Defendant Debtor alleges in the Motion that the Trustee's claim fails because Defendant Debtor did not owe a fiduciary duty to any party with respect to the $400,000. ECF No. 8 at 15-16. Defendant Debtor's argument lacks merit. As recognized by the Second Circuit, the claim is based on "the New York courts' longstanding acceptance of the principle that any one who knowingly participates with a fiduciary in a breach of trust is liable for the full amount of the damage caused thereby to the cestuis que trust." S & K Sales Co., 816 F.2d at 848 (citations and internal quotations omitted). Here, the Complaint more than sufficiently pleads facts to support that the fiduciary – Defendant Matthew M. Cabrera, Esq. ("Cabrera") – breached his fiduciary duty as an escrow agent, which Defendant Debtor does not dispute. Whether Defendant Debtor owed any fiduciary duties to anyone with respect to the $400,000 is not the appropriate inquiry – Defendant Debtor's knowing participation in Defendant Cabrera's breach of fiduciary duty is. In any event, it cannot be said that Defendant Debtor had no duty under the Sale Order that survived the dismissal of his Prior Chapter 11 Case and provided for the creation of the Court-Ordered Escrow.

Defendant Debtor also alleges in the Motion that the Trustee's claim fails because Defendant Debtor purportedly "had no knowledge or control of the activity related to the escrow account." ECF No. 8 at 17. As outlined above, Defendant Debtor's current argument is wholly inconsistent with his prior affidavit and pleadings previously filed in this Court on Defendant Debtor's behalf. In any event, at the pleading stage, the facts alleged in the Complaint plausibly (if not dispositively) support that Defendant Debtor knowingly participated in the breach of Defendant Cabrera's fiduciary duties as an escrow agent.

Finally, Defendant Debtor summarily alleges in the Motion that the Trustee's claim fails because the Chapter 7 estate suffered no damages because there was no breach of fiduciary duty. ECF No. 8 at 18. Defendant Debtor's circular argument should be rejected.

Taking the Complaint's allegations as true and construed in the light most favorable to the Trustee, the Trustee has sufficiently alleged a plausible claim against Defendant Debtor for aiding and abetting a breach of fiduciary duty of an escrow agent (Fifth Claim for Relief). As such, the Motion should be denied.

## **BACKGROUND**

On March 28, 2022 ("Filing Date"), a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code was filed on Defendant Debtor's behalf in the Court ("Current Case"). ECF No. 1 at ¶20. By Order dated March 9, 2023, the Court converted Defendant Debtor's case to a case under Chapter 7 of the Bankruptcy Code as of March 9, 2023. Id. at ¶21. On March 10, 2023, Marianne T. O'Toole was appointed as the Chapter 7 Trustee of Defendant Debtor's estate. Id. at ¶23. Marianne T. O'Toole is the permanent Chapter 7 Trustee of Defendant Debtor's estate. Id. at ¶24.

Defendant Debtor is a repeat filer in the Court. ECF No. 1 at ¶25. On November 4, 2018

("Prior Filing Date"), a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code was filed on Defendant Debtor's behalf in the Court ("Prior Chapter 11 Case"). Id. at ¶26.

By Order dated July 9, 2019, the Court (J. Morris) approved the employment of Defendant M. Cabrera & Associates, P.C. ("Firm") as counsel to Defendant Debtor effective as of the Prior Filing Date. ECF No. 1 at ¶27. The docket sheet in the Prior Chapter 11 Case reflects that Defendant Firm did not seek any interim compensation awards for the period November 2, 2021 forward. Id. at ¶34. The docket sheet in the Prior Chapter 11 Case also reflects that Defendant Firm never sought or obtained approval of its compensation on a final basis in the Prior Chapter 11 Case. Id. at ¶35.

By motion dated November 9, 2021 ("Sale Motion"), Defendant Debtor, through Defendant Firm, sought entry of an Order approving the private sale of Defendant Debtor's estate's interest in the real property located at Sprout Brook Road, Putnam Valley, New York 10579, identified as Tax Map Nos. 72.19-1-29 & 83.1-1 ("Property"). ECF No. 1 at ¶36. The Town of Putnam Valley objected to the Sale Motion. Id. at ¶41. By response dated December 3, 2021 ("Debtor Response"), Defendant Debtor, through Defendant Cabrera, replied to the objection of the Town of Putnam Valley to the Sale Motion. Id. at ¶42. The Debtor Response provides, in pertinent part, as follows:

> In this particular case, Defendant Debtor and co-owner [Defendant Grace DiLibero] both agree that the funds are to be deposited in the Estate and set aside in escrow for the remediation of the subject contaminated property.
>
> . . .
>
> The sale contract sets forth that there was no involvement of a real estate broker with this transaction.
>
> . . .
>
> Environmental Conservation Management Services ("ECMS") was approved by the Court to provide consulting, testing and oversee the remediation of the subject property. It was ECMS that provided the $400,000.00 estimate for remediation costs. . . . The calculations by the Town are misstated and should be disregarded.

5

> The Town calculates that only $140,922.83 will be available as proceeds of the sale after payment of relevant fees and distributions. However, as set forth above, the $251,750 distribution to the co-owner and the $39,900 payment of the real estate broker's commission should be included in this calculation, bringing the total proceeds to $432,572.83. From this amount, $400,000.00 will be set aside in escrow to fund the remediation.

> Case No.: 18-36862-cgm, ECF No. 286.

Id. at ¶43.

By Order dated December 18, 2021 ("Sale Order"), the Court (J. Morris) approved

Defendant Debtor's sale of the Property. ECF No. 1 at ¶45. The Sale Order provides, inter alia, as

follows:

> FURTHER ORDERED, that at or as promptly as practical after the closing of the sale, Defendant Debtor is authorized and directed to pay from the sale proceeds the reasonable, and ordinary and customary closing costs, including reasonable and customary professional fees directly related to the sale, transfer taxes, delinquent or owing real property taxes on the Property, other fees or costs to be paid by Debtor pursuant to the Purchase Agreement and reasonable title charges; and it is

> FURTHER ORDERED, that at or as promptly as practical after the closing of the sale, **_Defendant Debtor shall set aside with his attorney, to be held in his attorney's escrow account, four hundred thousand dollars ($400,000.00)_**, the estimated amount of remediation costs as estimated by Environmental Consulting and Management Services. These funds are being escrowed for payment of the future remediation costs of parcel 72-1-47. Once approval is obtained from the New York State Department of Environmental Conservation to begin remediation, these funds will be disbursed to Defendant Debtor's DIP account in draws; and it is

> . . .

> FURTHER ORDERED, that **_the terms and provisions of this Sale Order_** and any actions taken pursuant hereto **_shall survive entry of an order_** which may be entered: (a) confirming any chapter 11 plan in this Chapter 11 case; (b) conversion of this Chapter 11 case to a case under chapter 7 of the Bankruptcy Code; (c) **_dismissing this Chapter 11 case;_** or (d) pursuant to which this Court abstains from hearing in this Chapter 11 case. **_The terms and provisions of this Sale Order, notwithstanding the entry of any such orders described in (a)-(d) above, shall continue_** in this Chapter 11 case, **_or following dismissal of this Chapter 11 case_**, it is

> Case No.: 18-36862-cgm, ECF No. 292.

Id. at 46 (emphasis added).

On January 29, 2022, a notice of consummation of the sale of the Property was filed with the Court ("Sale Notice"). ECF No. 1 at ¶50. The Sale Notice provides that the sale of the Property closed on December 28, 2021. Id. at ¶52. The Closing Statement annexed to the Sale Notice provides: (i) for a total purchase of $798,503.31; (ii) that the sum of $400,000 was payable to Defendant Cabrera; and (iii) that the sum of $79,800 was payable to Defendant Grace DiLibero ("DiLibero") and Defendant Debtor for "additional expenses". Id. at ¶¶53-55.

The bank statement for account ending 397 at TD Bank in the name of "M Cabrera and Associates PC Esc Acct, Matthew M Cabrera Esc Agt" for the period December 1, 2021 to December 31, 2021, a copy of which is annexed to the Complaint as Exhibit A, reflects an incoming wire transfer on December 28, 2021 from SMPR Title Agency, Inc. in the amount of $400,000. ECF No. 1 at ¶56. Upon information and belief, the foregoing wire transfer represents the $400,000 Defendant Debtor was required to set aside with Defendant Firm pursuant to the Sale Order ("Court-Ordered Escrow"). Id. at ¶57.

By motion dated December 18, 2021, the Office of the United States Trustee moved to dismiss or convert the Prior Chapter 11 Case. ECF No. 1 at ¶60. Defendant Debtor initially opposed the motion of the Office of the United States Trustee, but the opposition was withdrawn at a hearing conducted on February 1, 2022."). Id. at ¶61. By Order dated February 3, 2022, the Court (J. Morris) dismissed the Prior Chapter 11 Case. Id. at ¶62. On February 4, 2022, the Prior Chapter 11 case was closed. Id. at ¶63.

On February 7, 2022, 4 days after the dismissal of the Prior Chapter 11 Case, an outgoing wire transfer was made to "Citigrace Corp" in the amount of $276,100 ("CityGrace Transfer"). ECF No. 1 at ¶64. The CityGrace Transfer was made from funds comprising the Court-Ordered Escrow. Id. at ¶65. The CityGrace Transfer violated the express terms of the Sale Order. Id. at ¶66.

Upon information and belief, Defendant CityGrace never had an ownership interest in the Property. Id. at ¶67.

On the same date, February 7, 2022, there were two transfers to Defendant Firm totaling $124,500.00 (together "Firm Transfers"). ECF No. 1 at ¶68. The Firm Transfers were as follows: (a) the sum of $120,000 by check number 132 dated February 7, 2022 payable to Defendant Firm, with "Kasper" in the Memo; and (b) the sum of $4,500 by check number 133 dated February 7, 2022 payable to Defendant Firm, with "DiLibero" in the Memo. ECF No. 1 at ¶68. The Firm Transfers were made from funds comprising the Court-Ordered Escrow. Id. at ¶69. The Firm Transfers violated the express terms of the Sale Order. Id. at ¶70.

The Current Case was filed less than 2 months after the Prior Chapter 11 Case was closed. ECF No. 1 at ¶71. The Current Case was filed in Manhattan rather than Poughkeepsie where the Prior Chapter 11 Case was filed. Id. Defendant Debtor's Schedule A/B that was filed on March 28, 2022 reflects, inter alia, a checking account at Wells Fargo with a $2,000 balance. Id. at ¶72. Defendant Debtor's Schedule A/B that was filed on March 28, 2022 does not reflect the Court-Ordered Escrow. Id. at ¶73. Defendant Debtor's Schedule A/B that was filed on March 28, 2022 does not reflect any other Deposits of Money. Id. at ¶74. Defendant Debtor's Statement of Financial Affairs did not disclose the disposition of the Court-Ordered Escrow. Id. at ¶77. Defendant Debtor's Amended Statement of Financial Affairs does not disclose the CityGrace Transfer. Id. at ¶78. Defendant Debtor's Amended Statement of Financial Affairs does not disclose the Firm Transfers. Id. at ¶79. Defendant Debtor's Amended Statement of Financial Affairs does not disclose the disposition of the Court-Ordered Escrow. Id. at ¶80.

By motion dated January 24, 2023, creditor Town of Putnam Valley ("Town") moved to dismiss the Current Case ("Town Motion"). ECF No. 1 at ¶81. Defendant Debtor submitted

opposition to the Town Motion, which opposition was signed by Defendant Cabrera. Id. at ¶82.

Defendant Cabrera submitted an affirmation in opposition to the Town Motion ("Cabrera

Affirmation"). Id. at ¶83. The Cabrera Affirmation states, inter alia, that:

> "[f]rom the funds received from the sale . . . $400,000.00 from Defendant Debtor
> and co-owner's funds was set aside to use toward the remediation[.]" Case No.: 22-
> 10382-mg, ECF No. 83-1 at ¶26. Id. at ¶84.

> "[a]fter Defendant Debtor's bankruptcy was dismissed, the non-debtor co-owner,
> [Defendant DiLibero] requested the return of her share of her funds." Case No.: 22-
> 10382-mg, ECF No. 83-1 at ¶54. Id. at ¶85.

> "[a]s counsel, the dilemma was the Order was inconsistent . . . I had a co-owner,
> who was not my client demanding the return of her funds. My decision was to pay
> Ms. DeLibero the portion of the funds belonging to her." Case No.: 22-10382-mg,
> ECF No. 83-1 at ¶55. Id. at ¶86.

> "[t]he Debtor's portion of the escrowed funds, the same were applied toward my
> attorney's fees, court approved as administrative fees and given priority." Case No.:
> 22-10382-mg, ECF No. 83-1 at ¶56. Id. at ¶87.

Defendant DiLibero submitted an affidavit in opposition to the Town Motion ("DiLibero

Affidavit"). ECF No. 1 at ¶88. The DiLibero Affidavit states, inter alia, that:

> "I requested that my share of the proceeds from the sale be returned to me." Case
> No.: 22-10382-mg, ECF No. 83-2 at ¶21. Id. at ¶89.

> "I still have a small portion of the funds that were returned to me from the sale of
> the original of the Properties [sic]." Case No.: 22-10382-mg, ECF No. 83-2 at ¶24.
> Id. at ¶90.

Defendant Debtor submitted an affidavit in opposition to the Town Motion ("Debtor

Affidavit"). ECF No. 1 at ¶91. The Debtor Affidavit states that "Ms. DeLibero received a check

for two hundred and seventy-six thousand dollars from the escrow account. The remainder of the

money was paid to my attorney to satisfy his approved attorney fees after my attorney agreed to

discount his fees." Bankr. Case No.: 22-10382-mg, ECF No. 83-3 at ¶38. Id. at ¶92. The Debtor

Affidavit further states that "[t]he remainder of the money was paid to my attorney to satisfy his

approved attorneys fees after my attorney agreed to discount his fees. Both of these items – Ms.

DeLibero's request for her funds _**and my payment of my attorney from escrow**_ – are items that the Town has known about for over six months." Bankr. Case No. 22-10382-mg, ECF No. 83-4 at 8, ¶¶ 38, 39 (emphasis added).

On February 16, 2023, the Court issued an Order to Show Cause why Defendant Debtor's case should not be converted to a case under Chapter 7 of the Bankruptcy Code or, in the alternative, why a Chapter 11 Trustee should not be appointed ("OSC"). ECF No. 1 at ¶93. Defendant Debtor submitted a response to the OSC ("Response"). Id. at ¶94. The Response states, inter alia, that:

> _**Subsequent conversations were had between the [Defendant] Debtor, ECMS, [Defendant Firm] and [Defendant DiLibero]**_ regarding the steps now needed to begin the remediation process. _**It was decided that**_ due in part to the need for immediate funds to attempt to comply with the new requirements introduced by the Town and that [Defendant] Debtor was closing the DIP account, _**that the funds from [Defendant Firm's] escrow account would be turned over to [Defendant] Debtor and [Defendant DiLibero] in separate disbursements to accounts upon their direction.**_
>
> _**After further conversations with [Defendant] Debtor . . . [Defendant] Debtor and [Defendant DiLibero] agreed**_ to pay the firm $4500.00 to pursue legal representation to dismiss those violations thereby removing from the Town's unsubstantiated hurdles and quickly clearing a path to beginning the remediation process. _**[Defendant] Debtor and [Defendant Firm] decided**_ that instead of issuing a wire payment to the Debtor's DIP account, incurring a fee for such and then the Debtor writing a check from the DIP account back to the firm, thereby delaying its closing, _**that [Defendant Firm] should take the payment from the escrow account directly as a convenience and a way to avoid additional fees and time.**_

Bankr. Case No. 22-10382-mg, ECF No. 90 at ¶¶ 18, 19 (emphasis added).

On March 9, 2023, the Court entered the Order converting Defendant Debtor's Chapter 11 case to a Chapter 7 case ("Conversion Order"). ECF No. 1 at ¶99. The Conversion Order provides as follows:

> Having considered the Cabrera Response and the U.S.T. Response, _**the Court concludes that Kaspar and Cabrera violated the Sale Order entered in Kaspar's prior Chapter 11 case.**_ The Sale Order required that $400,000 in proceeds for the

sale of two properties owned by Kaspar be deposited in escrow with Cabrera, with that sum to be used in connection with remediation of environmental contamination on another property owned by Kaspar. (Sale Order at 4.) The Sale Order provided that the terms of the Order survived any order dismissing the Chapter 11 case. (Id. at 9.) Instead, upon dismissal of the case on the Motion of the United States Trustee, Cabrera released the escrowed funds, paying a portion of the funds to Kaspar, a portion to Kaspar's partner, and kept a portion of funds in payment of his attorney' fees. None of the funds were used for remediation costs. According to Cabrera, only about $4,000 is deposited in Debtor's DIP account.

Bankr. Case No.: 22-10382-mg, ECF No. 94.

Id. at ¶100 (emphasis added). The Conversion Order is final and non-appealable. Id. at ¶101.

**ARGUMENT**

**I.    Defendant Debtor Has Not Satisfied His Burden For Dismissal Of The Fifth Claim For Relief In The Trustee's Complaint**

Federal Rule 12(b)(6), made applicable to this adversary proceeding pursuant to Bankruptcy Rule 7012(b), provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(B)(6); FED. R. BANKR. P. 7012(B). The purpose of Federal Rule 12(b)(6) "'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits.'" Halebian v. Berv, 644 F.3d 122, 130 (2d Cir. 2011) (quoting Glob. Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 155 (2d Cir. 2006)).

In deciding a motion to dismiss, the Court accepts a complaint's factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 321-23 (2007). See also Littlejohn v. City of N.Y., 795 F.3d 297, 306 (2d Cir. 2015). The United States Supreme Court has confirmed that a complaint does not need detailed factual allegations to survive a motion under Federal Rule 12(b)(6). See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather,

11

the complaint must contain sufficient facts to state a claim that is "plausible on its face." <u>Twombly</u>, 550 U.S. at 570.

A complaint is plausible where the plaintiff has pled factual content sufficient to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. <u>New Orleans Emps. Ret. Sys. v. Celestica, Inc.</u>, 455 Fed. Appx. 10, 12 (2d Cir. 2011) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). Thus, a plaintiff need only plead sufficient facts to "nudge" her claim from "conceivable to plausible." <u>See</u> <u>St. Jean v. Orient-Express Hotels Inc.</u>, 2013 WL 4049982, at *4 (S.D.N.Y. Aug. 5, 2013) (quoting <u>Twombly</u>, 550 U.S. at 570). "[T]o present a plausible claim at the pleading stage, the plaintiff need not show that its allegations . . . are more likely than not true or that they rule out the possibility" of other interpretations. <u>Anderson News, L.L.C. v. Am. Media, Inc.</u>, 680 F.3d 162, 184 (2d Cir. 2012) ("[t]he choice between or among plausible inferences or scenarios is one for the factfinder"); <u>see also</u> <u>Reed Constr. Data Inc. v. McGraw-Hill Cos., Inc.</u>, 745 F. Supp. 2d 343, 354-55 (S.D.N.Y. 2010) (denying motion to dismiss where there were "obvious alternative explanation[s] for the identified customers' choices," because "Twombly and Iqbal … do not address alternative explanations for the plaintiff's injury.") (internal citations and quotations omitted).

The Court's responsibility is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." <u>Liu v. Credit Suisse First Bos. Corp. (In re Initial Pub. Offering Sec. Litig.)</u>, 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation makers and citation omitted). <u>See</u> <u>also</u> <u>Koppel v. 4987 Corp.</u>, 167 F.3d 125, 138 (2d Cir. 1999) (plaintiff need only allege, not prove, sufficient facts to survive a motion to dismiss). The Court considers "facts stated on the face of the complaint and in documents appended to the complaint or incorporated in the complaint by reference, as well as to matters of which

judicial notice may be taken." Hertz Corp. v. City of N.Y., 1 F.3d 121, 125 (2d Cir. 1993), cert. denied, 510 U.S. 1111 (1994); see also Tellabs, Inc., 551 U.S. at 322.

When seeking dismissal, "[t]he party who is making [the motion] must meet a heavy burden because such motions run contrary to the strong institutional bias in American jurisprudence to have matters decided on their merits." Barr v. Charterhouse Group Int'l, Inc. (In re Everfresh Bevs., Inc.), 238 B.R. 558, 570 (Bankr. S.D.N.Y. 1999) (citing Baker v. Cuomo, 58 F.3d 814, 818 (2d Cir. 1995)). Dismissal is only warranted where it appears beyond doubt that the plaintiff can prove no sets of facts in support of her claim which would entitle her to relief. See Maxwell Commun. Corp. Pub. Ltd. Co. by Homan v. Societe Generale (In re Maxwell Commun. Corp. Pub. Ltd. Co.), 93 F.3d 1036, 1044 (2d Cir. 1996). To the extent an initial complaint is thought insufficiently detailed, the proper course is to allow a plaintiff leave to amend to provide additional detail. See, e.g., Oliver Sch. v. Foley, 930 F.2d 248, 252 (2d Cir. 1991).

"A judicial admission is a statement made by a party or its counsel which has the effect of withdrawing a fact from contention and which binds the party making it throughout the course of the proceeding." Pillars v. GM L.L.C. (In re Motors Liquidation Co.), 957 F.3d 357, 360 (2d Cir. 2020). A court may "appropriately treat statements in briefs as binding judicial admissions of fact . . . where the statement [is] an intentional, clear, and unambiguous statement of fact; a legal conclusion does not suffice." Tahirou v. New Horizon Enters., LLC, 2023 U.S. Dist. LEXIS 49256, *20 (S.D.N.Y. Mar. 23, 2023) (internal citations and quotations omitted).

As demonstrated below, the Motion should be denied because Defendant Debtor has not satisfied his burden for dismissal of the Fifth Claim for Relief in the Trustee's Complaint.

## II. The Trustee's Fifth Claim For Relief As Against Defendant Debtor Should Not Be Dismissed

By the Fifth Claim for Relief in the Complaint, the Trustee seeks entry of an order and

judgment against, among others, Defendant Debtor: (a) adjudging Defendant Debtor liable for aiding and abetting Defendant Cabrera's breach of fiduciary duty; (b) awarding damages in favor of Plaintiff and against Defendant Debtor in an amount not less than $400,000, representing the amount of the Court-Ordered Escrow; and (c) awarding punitive damages against Defendant Debtor to punish and deter others from the wrongful conduct alleged in the Complaint. See ECF No. 1 at 19-21, ¶¶151-168.

Under New York law, "an escrow agreement requires (a) an agreement as to the subject matter and delivery of the same; (b) a third-party depositary; (c) delivery of the subject matter to a third party conditioned upon the performance of some act or the happening of the event; and (d) relinquishment by the promisor." Mid-Island Hosp., Inc. v. Empire Blue Cross & Blue Shield (In re Mid-Island Hosp., Inc.), 276 F.3d 123, 130 (2d Cir. 2002) (quoting Nat'l Union Fire Ins. Co. Pitt. v. Proskauer Rose Goetz & Mendelsohn, 165 Misc. 2d 539, 634 N.Y.S.2d 609, 614 (Sup. N.Y. Sup. Ct. 1994)). Under New York law, an escrow agreement creates a fiduciary relationship between the escrow agent and the parties to the escrow transaction. Ray Legal Consulting Grp. v. Dijoseph, 37 F. Supp. 3d 704, 728 (S.D.N.Y. 2014) (collecting cases).

To prevail on a claim for inducing or participating in a breach of fiduciary duty under New York law, a plaintiff must prove "(1) a breach by a fiduciary of obligations to another, (2) that the Defendant knowingly induced or participated in the breach, and (3) that the plaintiff suffered damages as a result of the breach." S & K Sales Co., 816 F.2d at 847-848. The claim is based on "the New York courts' longstanding acceptance of the principle that any one who knowingly participates with a fiduciary in a breach of trust is liable for the full amount of the damage caused thereby to the cestuis que trust." Id. at 848 (citations and internal quotations omitted). "A person knowingly participates in a breach of fiduciary duty only when he or she provides 'substantial

14

assistance' to the primary violator." <u>Kaufman v. Cohen</u>, 307 A.D.2d 113, 126 (N.Y. App. Div. 2003) (citations omitted). "Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur." <u>Id</u>.

Here, the detailed allegations in the Complaint include, <u>inter</u> <u>alia</u>, the following:

- Within four days of dismissal of the Prior Chapter 11 Case, Defendant Firm or Defendant Cabrera released the Court-Ordered Escrow to Defendant Firm and Defendant CityGrace in violation of the Sale Order.

- Defendant Cabrera had a duty not to disburse the Court-Ordered Escrow except upon strict compliance with the Sale Order.

- No portion of the Court-Ordered Escrow was disbursed by Defendant Cabrera in accordance with the Sale Order.

- No portion of the Court-Ordered Escrow was disbursed by Defendant Firm in accordance with the Sale Order.

- Defendant Cabrera breached his fiduciary duty as escrow agent by making the CityGrace Transfer.

- Defendant Cabrera breached his fiduciary duty as escrow agent by making the Firm Transfers.

- Upon information and belief, Defendant Debtor caused or authorized the Firm Transfers from the Court-Ordered Escrow.

- Upon information and belief, Defendant Debtor had knowledge of the Sale Order.

- Upon information and belief, Defendant Debtor had knowledge of the Court-Ordered Escrow.

- Upon information and belief, Defendant Debtor had knowledge of the provisions in the Sale Order relating to the Court-Ordered Escrow.

- Defendant Debtor knowingly induced or participated in the breach of fiduciary duty and substantially assisted the breach of fiduciary duty by causing or authorizing the Firm Transfers.

- By reason of the foregoing, Plaintiff is entitled to entry of an order and judgment against, among others, Defendant Debtor: (a) adjudging Defendant Debtor liable for aiding and abetting Defendant Cabrera's breach of fiduciary duty; (b) awarding damages in favor of Plaintiff and against Defendant Debtor in an amount not less than $400,000, representing the

amount of the Court-Ordered Escrow; and (c) awarding punitive damages against Defendant Debtor to punish and deter others from the wrongful conduct alleged herein.

See ECF No. 1 at 19-20, ¶¶152-157, 163-168.

Defendant Debtor alleges in the Motion that the Trustee's claim fails because Defendant Debtor owed no fiduciary duty to any party with respect to the Court-Ordered Escrow. See ECF No. 8 at 15. The claim, however, is for Defendant Debtor's aiding and abetting of Defendant Cabrera's breach of fiduciary duty. Defendant Debtor's argument is misplaced because the Complaint more than sufficiently pleads facts to support that Defendant Cabrera breached his fiduciary duty as an escrow agent, which Defendant Debtor does not address whatsoever. The lone case cited by Defendant Debtor, i.e., Roni v. Arfa, 18 N.Y. 3d 846 (2011), did not involve an aiding and abetting claim and is inapposite. In any event, it cannot be said that Defendant Debtor had no duty under the Sale Order that survived the dismissal of his Prior Chapter 11 Case and provided for the creation of the Court-Ordered Escrow.

Defendant Debtor next alleges in the Motion that the Trustee's claim fails because Defendant Debtor purportedly "had no knowledge or control of the activity related to the escrow account." ECF No. 8 at 17. As an initial matter, Defendant Debtor's conclusory argument belies logic; the escrow account was his prior counsel's (Defendant Firm), and was funded from the proceeds of property sold per the Sale Order entered in his Prior Chapter 11 Case.

Furthermore, as outlined above, the Debtor Affidavit and Defendant Debtor's alleged actions as set forth in pleadings previously filed in this Court on Defendant Debtor's behalf, plausibly support that Defendant Debtor knowingly participated in the breach of Defendant Cabrera's fiduciary duties as an escrow agent. See Bankr. Case No. 22-10382-mg, ECF No. 83-4 at 8, ¶¶ 38, 39 (Defendant Debtor states in sum and substance that he paid his attorney, i.e., Defendant Firm, from the Court-Ordered Escrow in the Debtor Affidavit); ECF No. 90 at ¶¶ 18,

16

19 (Defendant Firm represents to the Court in the Debtor Response to the OSC that Defendant Firm and Defendant Debtor decided together how the Court-Ordered escrow would be disbursed to Defendant Firm and Defendant DiLibero). At best, Defendant Debtor's current position is inconsistent.

The facts in Kaufman v. Cohen, 307 A.D. 2d 113, are readily distinguishable. There, the Appellate Division affirmed a judgment dismissing, inter alia, aiding and abetting claims in an amended complaint where those claims were time-barred and based on an alleged act that did not itself constitute a breach of a fiduciary duty. See id. at 126-27. The court observed that there was only a single statement in the amended complaint about the defendant's alleged knowledge of the breach of a fiduciary duty. See id. at 125. Here, by contrast, the Court has already found that Defendant Debtor and Defendant Firm violated the express terms of the Sale Order by releasing the $400,000 of escrowed funds, see Bankr. Case No.: 22-10382-mg, ECF No. 94, and there is no dispute that the Trustee's claim is timely. Further, as set forth more fully above, the record in the Debtor's Current Case is replete with admissions by Defendant Debtor and Defendant Firm of Defendant Debtor's knowledge and participation in the dissipation of $400,000 of escrowed funds. See, e.g., Bankr. Case No.: 22-10382-mg, ECF Nos. 83-3, 90.

Finally, Defendant Debtor summarily alleges in the Motion that the Trustee's claim fails because the Chapter 7 estate suffered no damages because there was no breach of fiduciary duty. ECF No. 8 at 18. Defendant Debtor's circular argument should be rejected. Under applicable law, "'[b]ut-for' causation is insufficient; aider and abettor liability requires the injury to be a direct or reasonably foreseeable result of the conduct." Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC, 446 F. Supp. 2d 163, 201-202 (S.D.N.Y. 2006). The Complaint alleges, inter alia, that Defendant Debtor caused or authorized the Firm Transfers from the Court-

17

Ordered Escrow. See ECF No. 1 at ¶163. Moreover, Defendant Debtor previously admitted to paying his prior counsel, i.e., Defendant Firm, from the Court Ordered Escrow. See Bankr. Case No. 22-10382-mg, ECF No. 83-4 at 8, ¶¶ 38, 39. Further, Defendant Firm represented to the Court in the Debtor Response to the OSC that Defendant Firm and Defendant Debtor decided together how the Court-Ordered escrow would be disbursed to Defendant Firm and Defendant DiLibero. See id. at ECF No. 90 at ¶¶ 18, 19. Taken together, along with the other well-plead factual allegations in the Complaint, plausibly supports that "but-for" Defendant Debtor's conduct, the $400,000 of escrowed funds would not have been dissipated in violation of the Sale Order.

The Complaint more than sufficiently pleads facts to support that Defendant Cabrera breached his fiduciary duty as an escrow agent, that Defendant Debtor knowingly induced or participated in the breach, and that the estate was damaged as a result of the breach. See Balta v. Ayco Co., LP, 626 F. Supp. 2d 347, 361 (W.D.N.Y. 2009) (permitting aiding and abetting claim to go forward where it alleged that Defendant assisted trustee's alleged breach of fiduciary duties).

For these reasons, the Fifth Claim for Relief as against Defendant Debtor should not be dismissed.

## III.   <u>Alternatively, The Trustee Should Be Granted Leave To Amend</u>

Assuming arguendo that the Court determines that the Fifth Claim for Relief as against Defendant Debtor in the Complaint should be dismissed, the Trustee respectfully requests leave to replead and to file an amended complaint pursuant to Federal Rule 15(a)(2).

As explained in Hous. Pipeline Co. LP v. Enron Corp. (In re Enron Corp.), 367 B.R. 373, 379 (Bankr. S.D.N.Y. 2007) (citations omitted), Federal Rule 15(a) states that leave to amend a pleading "shall be given freely when justice so requires . . . unless (1) the party has unduly delayed seeking to amend, (2) the party seeking to amend is acting with a dilatory motive, (3) the proposed

amendment would cause undue prejudice to the opposing party, or (4) the proposed amendment would be futile." FED. R. CIV. P. 15(a). This permissive standard is consistent with the Court's "strong preference for resolving disputes on the merits." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks omitted).

While the Trustee maintains that she has adequately plead the Fifth Claim for Relief as against Defendant Debtor, should the Court find otherwise, Defendant has not established -- and cannot establish -- that the Trustee has delayed in seeking to amend, or is acting with dilatory motive, or that the amendment would cause undue prejudice or that any further amendment would be futile. Accordingly, leave to amend should be granted. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("[a]lthough leave to replead is within the discretion of the district court, refusal to grant it without any justifying reason is an abuse of discretion") (citations omitted).

## CONCLUSION

For all the reasons set forth at length above, the Motion should be denied. In the alternative, should the Court determine that more detail be provided at the pleading stage, the Trustee respectfully requests leave to amend in order to do so.

Dated:  October 10, 2023
        Wantagh, New York

                          **LaMONICA HERBST & MANISCALCO, LLP**
                          Counsel to Plaintiff Marianne T. O'Toole, as Trustee

              By:     *s/ Holly R. Holecek*
                      Holly R. Holecek, Esq.
                      A Partner of the Firm
                      3305 Jerusalem Avenue, Suite 201
                      Wantagh, New York 11793
                      Telephone: (516) 826-6500