UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                                    Chapter 7
ALEXANDER BERNARD KASPAR,                                       Case No.: 22-10382-mg
Debtor.
-------------------------------------------------------------x
MARIANNE T. O'TOOLE, solely in her capacity
as Chapter 7 Trustee of the Estate of Alexander
Bernard Kaspar,                                                                Adv. Pro. No.: 23-01154-mg
Plaintiff,
-against-
M. CABRERA & ASSOCIATES, P.C.,MATTHEW
M. CABRERA, ESQ., ALEXANDER BERNARD
KASPAR, CITYGRACE CORP. a/k/a CITIGRACE
CORP, GRACE A. DELIBERO, a/k/a GRACE
ANGELA DELIBERO, JOHN DOE "1"
THROUGH "100", JANE DOE "1" THROUGH
"100", JOHN DOE CORPORATIONS "1"
THROUGH "100" AND OTHER JOHN DOE
ENTITIES "1" THROUGH "100"
Defendants.
-------------------------------------------------------------*x*

**DEFENDANT, ALEXANDER BERNARD KASPAR'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Alexander Bernard Kaspar ("Defendant" or "Movant"), by and through his attorney, Charles A. Higgs, submits the following Memorandum of Law in Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss:

**INTRODUCTION**

The Plaintiff in the above-captioned adversary proceeding is the Chapter 7 Trustee in the Defendant's Chapter 7 Bankruptcy. Plaintiff initially asserted two (2) causes of action against Defendant in the Adversary Complaint; the Second Cause of Action seeking turnover and the Fifth Cause of Action for Aiding and Abetting the Breach of a Fiduciary Duty (the "Aiding and Abetting Claim"). In response to Defendant's Motion to Dismiss the Adversary Complaint, Plaintiff dismissed the Second Cause of Action against Defendant; thus, the sole remaining cause of action

asserted against Movant is the Aiding and Abetting Cause of Action. For the reasons set forth in Defendant's Motion to Dismiss and for the reasons further set forth below, Defendant submits that Plaintiff's Aiding and Abetting Cause of Action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012 for failure to state a claim upon which relief can be granted.

**PLAINTIFF HAS FAILED TO STATE A VALID CAUSE OF ACTION FOR AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY, ACCORDINGLY, PLAINTIFF'S FIFTH CAUSE OF ACTION MUST BE DISMISSED AS TO MOVANT**

"A claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach." *Lerner v. Fleet bank, N.A.*, 459 F. 3d 273, 294 (2nd Cir. 2006). As set forth below, Plaintiff has failed to set forth allegations in the Complaint to support any of the three elements of a cause of action for aiding and abetting a breach of fiduciary duty against Movant.

Plaintiff acknowledges in its Complaint that upon the sale of Movant's real property in Movant's prior bankruptcy, $400,000 from the sale proceeds from the Property (the "Court-Ordered Escrow") was wired into the escrow account of Movant's prior attorney [Defendant, Cabrera] as required under the Sale Order. *See*, **Complaint ¶ 56, 57** Under New York law, the transfer of the $400,000 in Court-Ordered Escrow Funds to Defendant Cabrera's escrow account, resulted in Movant relinquishing all control over the Court-Ordered Escrow funds. *See*, *Alarmex Holdings, LLC v. Gowan (In re Dreier LLP),* 527 B.R. 126, 132 (S.D.N.Y. 2014) ("Under New York law, an escrow agreement is "an agreement pursuant to which funds are delivered to a third-party depositary, the grantor relinquishes control over the funds, and the funds are to be delivered to a third party conditioned upon the performance of some act or the occurrence of some event.") As Movant had relinquished control over the Court-Ordered Escrow Funds by having the funds

wired to Defendant, Cabrera's escrow account, Movant lacked the ability to disburse or direct the release of the Court-Ordered Escrow Funds. While Movant had knowledge of the transfers, Movant lacked knowledge that the transfers constituted an alleged breach of fiduciary duty.

As further set forth in Plaintiff's Complaint, Defendant, Cabrera was the escrow agent with respect to the escrowed funds. *See*, **Complaint, ¶ 141**. As the escrow agent, "Cabrera had a duty not to disburse the Court-Ordered Escrow except upon strict compliance with the Sale Order." **Complaint, ¶ 171.** The very purpose of having an escrow agent to hold and disburse funds held in escrow is to ensure that the monies in escrow are only delivered in strict compliance with the conditions imposed. *See*, *Mexican Infrastructure Fin., LLC v. Corp. of Hamilton*, 2020 WL 4572679; 2020 U.S. Dist. LEXIS 141899 *18 (S.D.N.Y. Aug. 7, 2020) ("[A]n escrow agent has a duty not to deliver the monies in escrow except upon strict compliance with the conditions imposed by the controlling agreement.")

**PLAINTIFF'S COMPLAINT LACKS SUFFICIENT ALLEGATIONS AS TO THE FIRST AND SECOND ELEMENTS OF A CAUSE OF ACTION FOR AIDING AND ABETTING THE BREACH OF FIDUCIARY DUTY**

As to the first element of a cause of action for aiding and abetting a breach of fiduciary duty, Plaintiff's Complaint must contain allegations demonstrating "a breach by a fiduciary of obligations to another," of which the aider and abettor had "actual knowledge." *In re Sharp Intern. Corp.*, 403 F. 3d 43, 49 (2nd Cir. 2005). As to the second element of a cause of action for aiding and abetting a breach of fiduciary duty, Plaintiff that the defendant knowingly induced or participated in the breach. "Although a plaintiff is not required to allege that the aider and abettor had an intent to harm, there must be an allegation that such defendant had actual knowledge of the breach of duty." *In re Sharp Intern. Corp.*, 403 F. 3d. 43, 49 (2nd Cir. 2005). Thus, in order to state a cause of action for aiding and abetting, "actual knowledge, not mere notice or unreasonable

Pg 4 of 7

unawareness, is therefore essential" and a Complaint that does not clearly allege actual knowledge is "legally insufficient due to ambiguity in the allegations." *Hongying Zhao v. JP Morgan Chase & Co.*, 2019 WL 1173010; 2019 U.S. Dist. LEXIS 40673 * 11-12 (S.D.N.Y. March 13, 2019). Here, Plaintiff's Complaint contains only conclusory allegations that Movant knew about the Court-Ordered Escrow. *See*, **Complaint ¶ 164-167.** Plaintiff's conclusory allegations as to Defendant's knowledge of the Court-Ordered Escrow, however, falls far short of the pleading requirement for an aiding and abetting claim, which requires Plaintiff to set forth detailed allegations that Defendant allegedly had actual knowledge not of the Court-Ordered Escrow but of the asserted breach of duty by the escrow agent. Plaintiff's Complaint not only fails to sufficiently allege that Movant had actual knowledge of the alleged breach of fiduciary duty but in fact, the allegations in Plaintiff's Complaint support a determination that Movant lacked actual knowledge of the asserted breach of fiduciary duty by the escrow agent.

As set forth in Plaintiff's Complaint, in addition to acting as the escrow agent with respect to the escrowed funds, Defendant Cabrera was also the bankruptcy attorney for the Movant. Thus, Movant relied on Defendant Cabrera's legal expertise in navigating the bankruptcy process, and for interpreting and understanding the bankruptcy court orders, processes, and requirements, including in this case, the provisions set forth in the Sale Order regarding the Court-Ordered escrow, and the impact that dismissal of the bankruptcy case had on the provisions of the Sale Order. Thus, Movant can't be held to have actual knowledge of the alleged breach of fiduciary duty by Defendant Cabrera, where Movant was relying on Defendant Cabrera's interpretation of the escrow requirements in the Sale Order following dismissal of the bankruptcy case. The pleadings filed by Defendant Cabrera in this bankruptcy case make clear, that Cabrera was of the opinion that the Sale Order did not prohibit the release of the funds. *See*, Response to the Order to

Show Cause of the Court, in which Cabrera states in part: "[w]ith respect to the sale order, Counsel believes that he complied with the Order to the extent possible taking into consideration the dismissal and closure of the case and the events occurring at that time." *See,* **Response to Order to Show Cause, ¶ 15 [Filed at ECF # 90]** Further, statements by Defendant Cabrera indicating that he did not believe he violated the Sale Order are set forth at Paragraphs 53-56 of the Affirmation of Cabrera in Opposition to the Motion to Dismiss the Chapter 11 Bankruptcy. *See,* **Affirmation of Cabrera in Opposition to the Motion to Dismiss the Chapter 11 Bankruptcy Case filed at [ECF # 83, Exhibit 1]** As Plaintiff correctly acknowledges in the Complaint, "[a]s counsel to the Debtor, Defendant Cabrera owed the Debtor a duty of care to exercise the skills and knowledge ordinarily possessed by a member of the legal profession experienced in such matters and to exercise reasonable care, prudence and diligence of its professional obligations." **Complaint, ¶ 183.** Plaintiff also asserts in the Complaint, that "Defendant Cabrera failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" **Complaint, ¶ 187** and that "Defendant Cabrera's failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession was not a reasonable error in professional judgment." **Complaint, ¶ 188.** Plaintiff further alleges in her Complaint that "Defendant Cabrera failed to exercise reasonable care in representing the Debtor with respect to the Court-Ordered Escrow." **Complaint, ¶ 189**. Movant cannot be said to have actual knowledge of the alleged breach of fiduciary duty by Cabrera, where Movant relied on Cabrera as his attorney to correctly interpret the provisions of the Sale Order. Further, as to the second element, "[a] person knowingly participates in a breach of fiduciary duty only when he or she provides `substantial assistance' to the primary violator. Substantial assistance may only be found where the alleged aider and abettor "affirmatively assists, helps conceal or fails to act when

required to do so, thereby enabling the breach to occur. [T]he mere inaction of an alleged aider and abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff." *In re Sharp Intern. Corp.*, 403 F. 3d 43, 50 (2nd Cir. 2005). Even, if accepted as true for purposes of a 12(b)(6) Motion, the allegations set forth in Plaintiff's Complaint would only show that Movant had knowledge of the Sale Order but not that Movant had knowledge of the alleged breach of fiduciary duty by Cabrera. Further, the Complaint lacks sufficient allegations that Movant provided substantial assistance. As such, the Complaint fails to allege facts sufficient to meet either of the first two elements of a cause of action for aiding and abetting a breach of fiduciary duty. Accordingly, the Complaint must be dismissed as to Movant.

The third and final element requires that Plaintiff suffered damage as a result of the breach. "The claimant must prove ... that the plaintiff suffered damages as a result of the breach." *See S&K Sales*, 816 F.2d at 847-48. The plaintiff must allege that the aiding and abetting defendant proximately caused the harm on which the primary liability is predicated. "But-for" causation is insufficient; aider and abettor liability requires the injury to be a direct or reasonably foreseeable result of the conduct. *See Pension of Univ. of Montreal v. Banc of America* 466 F.Supp.2s 163 (2006). "In general, most courts have held that assets in escrow are not property of the estate, even though the debtor may have certain rights under the escrow agreement and, therefore in the assets escrowed." *Alarmex Holdings, LLC v. Gowan (In re Dreier LLP),* 527 B.R. 126, 134 (S.D.N.Y. 2014); *see also In the Matter of O.P.M. Leasing Servs., Inc., 46 B.R. 661, 667 (Bankr. S.D.N.Y. 1985)* ("C]ourts of bankruptcy recognize that money held in escrow is not property which vests in the trustee in bankruptcy."; *In re Atlantic Gulf Communities Corp.,* 369 B.R. 156, 164 (Bankr. D. Del. 2007) (determining that under New York law, funds placed in escrow to guarantee that water and sewer facilities were completed are not property of the bankruptcy estate). As the escrow funds

are not property of the estate, Plaintiff cannot have been damaged by the alleged breach of fiduciary duty. For the reasons set forth above, Plaintiff has failed to set forth allegations sufficient to plead a cause of action against Defendant for aiding and abetting a breach of fiduciary duty, accordingly, Plaintiff's remaining cause of action against Movant must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012 for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, as to Movant, Plaintiff's Complaint fails to a claim upon which relief can be granted and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012.

Dated: October 17, 2023
    Bedford Hills, NY

/S/Charles A. Higgs
Charles A. Higgs, Esq.
Law Office of Charles A. Higgs
2 Depot Plaza, Ste. 4
Bedford Hills, NY 10507
(917) 673-3768
Charles@FreshStartEsq.com
Attorneys for Defendant/Movant